**JUDGE FURMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CV 5025**

---

CAPITAL ONE, NATIONAL ASSOCIATION,

                      Plaintiff,

-against-

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY MIGDOL, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and "JOHN AND/OR JANE DOE #1" to "JOHN AND/OR JANE DOE # 5" inclusive, the last five named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 201 West 134th Street a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York New York, a four-story, single-dwelling building, as more fully described in the complaint,

                      Defendants.

VERIFIED COMPLAINT
FOR FORECLOSURE
OF MORTGAGE AND
ENFORCEMENT OF
GUARANTY

ECF Case

Civil Action No.



---

       Plaintiff CAPITAL ONE, NATIONAL ASSOCIATION ("CAPITAL ONE"), by its attorneys, Schiff Hardin LLP, for its Verified Complaint for the Foreclosure of Mortgage and Enforcement of Guaranty, alleges as follows:

**Preliminary Statement**

       1.    This is an action for the foreclosure of a mortgage securing consolidated notes in the aggregate principal amount of $1,500,000.00 encumbering a four-story, single-dwelling building at 201 West 134th Street a/k/a 2280 Adam Clayton Powell Jr. Boulevard in New York, New York (along with certain other collateral and as more fully defined herein, the "Mortgaged Property"), and a deficiency judgment against the borrower and/or guarantor.

       2.    In brief, borrower 201 W 134 ST LLC has failed to pay and has defaulted under the notes and mortgage held by CAPITAL ONE. The mortgage loan has been accelerated after

said default and has not been paid. CAPITAL ONE is entitled to foreclose the Mortgaged Property under the applicable loan agreements and New York law.

### Jurisdiction and Venue

3. Plaintiff CAPITAL ONE is a national banking association located in McLean, Virginia, the State designated in its articles of association as its main office, and is a citizen of Virginia for 28 U.S.C. § 1332 purposes.

4. Defendant 201 W 134 ST LLC is, upon information and belief, a New York limited liability company.

5. Defendant GERALD MIGDOL a/k/a JERRY MIGDOL ("MIGDOL") is, upon information and belief, an individual located in the State of New York.

6. The NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE and JOHN AND/OR JANE DOES # 1-5 are, upon information and belief, citizens located in the State of New York.

7. The Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

### Parties

9. Plaintiff CAPITAL ONE holds a mortgage pursuant to loan agreements with Defendant 201 W 134 ST LLC in the principal amount of $1,500,000.00 as well as all interest and additional moneys as set forth in the mortgage loan agreements described below, dated October 25, 2006.

10. Defendant 201 W 134 ST LLC is the borrower under the mortgage loan agreements, and, upon information and belief, is a New York limited liability company, having an office at 223 West 138th Street, Ground Floor, New York, New York 10030. Said 201 W 134 ST LLC is named as a party defendant herein for the purpose of recovering outstanding amounts owed under the mortgage loan agreements, and foreclosing any right, title or interest asserted against the Mortgaged Property being foreclosed herein.

11. Upon information and belief, at all times herein mentioned, defendant MIGDOL was and is the Guarantor of defendant 201 W 134 ST LLC. Defendant MIGDOL is made a party defendant herein for the purpose of foreclosing any right, title or interest asserted against the Mortgaged Property being foreclosed herein.

12. Upon information and belief, at all times herein mentioned, defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE was and is an agency of the State of New York, existing under the laws of the State of New York. Defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is made a party defendant herein solely for the purpose of foreclosing those judgments or other liens, if any, against the Mortgaged Property which accrued or may accrue subsequent to the liens of the mortgage being foreclosed herein by virtue of possible unpaid violations or fees which are or may be due or may become due from any owner of record of the Mortgaged Property.

13. At all times herein mentioned, the defendants, "JOHN and/or JANE DOE # 1" to "JOHN and/or JANE DOE # 5" inclusive, the last five named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming an interest in, or lien upon, the Mortgaged Property.

Said defendants are named as party defendants herein for the purpose of terminating any such interests.

14. Upon information and belief, the above-named defendants, and each of them have or claim to have some interest in or lien upon said Mortgaged Property or some part thereof, which interest or lien if any, has accrued subsequent to the lien of said mortgage and is subject and subordinate hereto.

15. Upon information and belief, no person other than those described herein have, may have, or claim to have an interest in and or lien upon the Mortgaged Property.

### The Mortgage Loan Agreements

16. CAPITAL ONE is the lawful owner and holder of a Mortgage Consolidation and Extension Agreement (the "Consolidation Agreement") in the principal sum of $1,500,000.00 together with interest thereon, made by 201 W 134 ST LLC in favor of CAPITAL ONE dated October 25, 2006. A copy of said Consolidation Agreement is annexed hereto and incorporated by reference herein as Exhibit A.

17. Paragraph III(1) of the Consolidation Agreement provides in relevant part that the "balance of principal then remaining unpaid shall become due and payable with interest" on November 9, 2011.

18. Paragraph IV of the Consolidation Agreement provides in relevant part that 201 W 134 ST LLC promised to "pay the principal sum and interest at the times and in the manner . . . set forth . . . and to comply with all the other terms and provisions hereof . . . ."

19. Paragraph VIII.18(a) of the Consolidation Agreement provides in relevant part that "[t]he Debt will become due at the option of the Mortgagee . . . if any Installment is not paid within ten (10) days after the same is due."

20. Paragraph VIII.18(k) of the Consolidation Agreement provides in relevant part that "[t]he Debt will become due at the option of the Mortgagee . . . if for fifteen (15) days after notice from the Mortgagee the Mortgagor shall continue to be in default under any other covenant of the Mortgagor hereunder."

21. Paragraph VIII.18 of the Consolidation Agreement provides in relevant part that "[u]pon the occurrence of any one of the foregoing events set forth in this Paragraph 18 and upon the Mortgagee exercising its option to declare the Debt immediately due and payable by reason thereof, the Mortgagor will pay, from the date of that event, interest at the rate of twenty-four (24%) percent per annum (the 'Default Rate')."

22. Paragraph VIII.19 of the Consolidation Agreement provides in relevant part that "[i]f the Mortgagor fails to make any payment or to do any act as herein provided, the Mortgagee may, but without any obligation to do so and without notice to or demand on the Mortgagor and without releasing the Mortgagor from any obligation hereunder, make or do the same in such manner and to such extent as the Mortgagee may deem necessary to protect the security hereof, the Mortgagee being authorized to enter upon the Mortgaged Property for such purposes, or appear in, defend or bring any action or proceeding to protect its interests in the Mortgaged Property or to foreclose the Mortgage or collect the Debt. The cost and expense thereof (including reasonable attorneys' fees), with interest as provided in this paragraph, shall be due from Mortgagor upon demand made by the Mortgagee. All such costs and expenses incurred by the Mortgagee in remedying such default or in appearing in, defending or bringing any such action or proceeding shall be paid with interest at the Default Rate for the period after notice from the Mortgagee that such cost or expense was incurred to the date of payment to the

Mortgagee. All such costs and expenses incurred by the Mortgagee pursuant to the terms hereof, with interest, shall be deemed to be secured by the Mortgage."

23. Paragraph VIII.21 of the Consolidation Agreement provides that "[i]n any action to foreclose this Mortgage the Mortgagee shall be entitled to the appointment of a receiver without notice, and without regard to the adequacy of the security."

24. The Consolidation Agreement is secured by a Guaranty made by MIGDOL, as Guarantor, as and for the benefit of CAPITAL ONE, as successor by merger to North Fork Bank, which MIGDOL made to CAPITAL ONE on October 25, 2006, whereby MIGDOL unconditionally and absolutely guaranteed the payment and performance of guaranteed obligations, including, but not limited to, "punctual payment of the principal required to be paid pursuant to the Loan Documents, the interest thereon and any other moneys due or which may become due thereon." A copy of said Guaranty is annexed hereto and incorporated by reference herein as Exhibit B.

**Defaults Under the Loan Documents**

25. 201 W 134 ST LLC defaulted in failing to make the required payment of the remaining principal, interest, and sums due under the Consolidation Agreement when the loan matured on November 9, 2011, which constitutes a default.

26. Pursuant to the terms of the Consolidation Agreement, upon the occurrence of default, CAPITAL ONE may elect to accelerate the entire balance of principal outstanding under the Loan (or any part thereof), together with any accrued interest and fees.

27. On June 5, 2012, CAPITAL ONE notified 201 W 134 ST LLC that it was in default under the Consolidation Agreement and that all amounts due under the Loan Documents

were accelerated and immediately due and payable at the Default Rate. A copy of said notice is annexed hereto and incorporated by reference herein as <u>Exhibit C</u>.

28. More than ten (10) days have elapsed since the Default (as such term is defined in the Consolidation Agreement) occurred, and by reason thereof CAPITAL ONE has elected and hereby elects to declare immediately due and payable the entire balance of principal, payments, outstanding monies and interest thereon.

29. The outstanding obligations owed by 201 W 134 ST LLC to CAPITAL ONE under the Loan Documents total $1,560,201.16 as of June 21, 2012, plus advances, default interest, and attorney's fees and expenses.

## I.  ACTION FOR FORECLOSURE OF MORTGAGE

30. Plaintiff repeats and realleges paragraphs 1 through 29 above as if said paragraphs were fully set forth herein.

31. In light of the above default, CAPITAL ONE is entitled to foreclose on all of the Mortgaged Property and is entitled to the appointment of a receiver without notice.

32. In order to protect its security, CAPITAL ONE may during the pendency of this action be compelled to pay sums for premiums on policies of fire and other hazard insurance, taxes, assessments, and/or other charges affecting the Mortgaged Property herein described. CAPITAL ONE prays that all sums so paid, together with interest at the default rate set forth in the Consolidation Agreement from the date of such payments, together with CAPITAL ONE's costs and expenses incurred in enforcing the sums secured by the Consolidation Agreement, including CAPITAL ONE's reasonable attorneys' fees, shall be added to CAPITAL ONE's claim as secured by the Consolidation Agreement, and be adjudged a valid lien on the Mortgaged

Property such that CAPITAL ONE be paid such sums out of the proceeds of the sale of the Mortgaged Property.

33. Each of the above-named Defendants has or claims to have or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Consolidation Agreement.

34. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Consolidation Agreement or for recovery of the sums secured by the Guaranty or any part thereof.

35. The aforesaid Mortgaged Property described herein is or may be subject to any state of facts an accurate survey may show, and to covenants, restrictions, easements, rights and reservations of record, if any, unpaid taxes, if any, and to any and all restrictions imposed by ordinances and/or zoning requirements of local municipal authorities, and any violation of the aforesaid, and to the physical conditions of the Mortgaged Property as of the date of sale hereunder.

36. CAPITAL ONE shall not be deemed to have waived, altered, released or changed the election made, by reason of any payment after the commencement of this action, of any or all the defaults mentioned herein, and such election shall continue and remain effective.

## II. ACTION AGAINST GUARANTOR FOR DEFICIENCY JUDGMENT

37. Plaintiff repeats and realleges paragraphs 1 through 36 above as if said paragraphs were fully set forth herein.

38.  As noted above, MIGDOL unconditionally and absolutely guaranteed the payment and performance of guaranteed obligations, including, but not limited to, "punctual payment of the principal required to be paid pursuant to the Loan Documents, the interest thereon and any other moneys due or which may become due thereon."

39.  201 W 134 ST LLC defaulted in failing to make the required payment of the remaining principal, interest, and sums due under the Consolidation Agreement when the loan matured on November 9, 2011.

40.  Defendant MIGDOL has failed to pay these obligations under the terms and conditions of the Guaranty.

41.  Plaintiff shall not be deemed to have waived, altered, or released any of its other rights, remedies, or actions under the Consolidation Agreement, or otherwise available in law or equity, all of which are expressly reserved and maintained, as against any of the defendants.

WHEREFORE, Plaintiff CAPITAL ONE demands judgment:

(a)  upon its First Cause of Action that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, tenancy, and equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold, according to law;

(b)  that the monies arising from the sale thereof may be brought into Court;

(c)   that Plaintiff CAPITAL ONE may be paid the amount due on the Consolidation Agreement as set forth herein, with interest and late charges to the time of such payment and the expense of such sale, plus reasonable attorneys' fees, together with all costs, allowances, and disbursements of this action, together with any sums incurred by Plaintiff pursuant to any term or provision of the Consolidation Agreement set forth herein, or to protect the lien of the Consolidation Agreement, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

(d)   that this Court forthwith appoint a receiver of the rents and profits of the Mortgaged Property, during the pendency of this action with the usual powers and duties;

(e)   that the Defendant 201 W 134 ST LLC, as borrower, be adjudged to pay to CAPITAL ONE any deficiency which may remain after applying all of said money so applicable to Plaintiff's claims, together with all costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in the collection of said sums and the enforcement of the obligations of said defendants, the amount to be paid by said defendants to be determined by the Court;

(f)   that Plaintiff CAPITAL ONE may have such other and further relief, or both, in the Mortgaged Property, as this Court may deem just and equitable; and

(g)   upon its Second Cause of Action that the Defendant MIGDOL, as guarantor, be adjudged to pay to CAPITAL ONE any deficiency which may remain after applying all of said money so applicable to Plaintiff's claims, together with all

costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in the collection of said sums and the enforcement of the obligations of said defendants, the amount to be paid by said defendants to be determined by the Court.

Dated: New York, New York
       June 25, 2012

        Respectfully submitted,

        **SCHIFF HARDIN LLP**

        By: _/s/ Thomas P. Battistoni_
        Thomas P. Battistoni (TB 8012)
        *Attorneys for Plaintiff Capital One,*
        *National Association*
        666 Fifth Avenue, 17th Floor
        New York, NY 10103
        (212) 753-5000

## VERIFICATION

STATE OF NEW YORK     )
                                           ) ss.:
COUNTY OF MELVILLE )

SEAN MARINO, being duly sworn, deposes and says:

1. That he holds the position of Vice President of Plaintiff Capital One, National Association.

2. That he has read the foregoing Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters deponent believes it to be true.

3. The source of deponent's information and the grounds of his belief are communications, papers, reports, and investigations contained in the file.

_____
Sean Marino

Sworn to before me this
____ day of June, 2012

_____
Notary Public

MARCY McLOONE
Notary Public, State of New York
No. 4985238
Qualified in Nassau County
Commission Expires August 12, 20__

## SCHEDULE A

<u>Fee Parcel</u>
(New York County):

Address:   201 West 134th Street, Manhattan, New York
Block:     1940
Lot:       29

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the northwesterly corner of 134th Street and 7th Avenue;

RUNNING THENCE westerly along the northerly side of 134th Street, 65 feet;

THENCE northerly parallel with 7th Avenue, 18 feet 5 inches;

THENCE easterly parallel with 134th Street and part of the distance through a party wall, 65 feet to the westerly side of 7th Avenue;

THENCE southerly along the westerly side of 7th Avenue, 18 feet 5 inches to the point or place of BEGINNING.

SAID Premises known and described as 201 West 134th Street, Manhattan.

NY\51183355.1