UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
CAPITAL ONE, NATIONAL ASSOCIATION,

                                                 Plaintiff,

       -against-                                           **AFFIRMATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY
MIGDOL, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, and "JOHN AND/OR
JANE DOE #1" to "JOHN AND/OR JANE DOE #5"
inclusive, the last five named persons being unknown to       12 Civ. 5025 (JMF)
plaintiff, the persons and parties intended being the tenants,   ECF Case
occupants, persons, entities, or corporations, if any, having
or claiming upon the premises at 201 West 134th Street
a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York
New York, a four-story, single dwelling building, as more
fully described in the complaint,

                                                Defendants.
------------------------------------------------------------------------

     I. Aaron Migdol, Esq., affirm under penalty of perjury that:

     1.     I am the attorney representing 201 W 134 ST LLC and Gerald Migdol (the "Defendants") in the above entitled action (the "Action") and that I have personal knowledge of facts which bear on this motion because I have discussed the facts and circumstances pertaining to this Action with my clients.

     2.     Defendants respectfully move this Court to issue an order dismissing Plaintiff's Verified Complaint and this Action pursuant to Rule 12(b) of the Federal Rules of Procedure for the several reasons stated below and for the additional reasons stated herein and for all of the reasons stated in the accompanying Memorandum of Law and Affidavit of Defendant Gerald Migdol.

3.       Defendants are entitled to the relief they seek for the reasons described in this Affirmation, the accompanying Memorandum of Law and the Affidavit of Gerald Migdol.

<u>Dismissal is warranted under Rule 12(b)(1) of the Federal Rules of Civil Procedure</u>

4.       Plaintiff's Verified Complaint and this Action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") because this Court lacks subject matter jurisdiction for the following reasons:

a.       Plaintiff has failed to indicate the citizenship of all Defendants in this Action and has not established complete diversity of citizenship between the parties; Defendant 201 W 134 ST LLC is an LLC and all of its members are citizens for diversity jurisdiction purposes.

b.       Plaintiff naming the State of New York as a defendant in an action destroys diversity; the New York State Department of Taxation and Finance is simply an agency of the State of New York, and thus has no citizenship separate from that of the State, and since the State is not a citizen for diversity purposes, neither is the Department of Taxation and Finance. Thus, Plaintiff would not be able to bring an action against it based on diversity of citizenship. New York State Department of Taxation and Finance is a non-diverse party for purposes of diversity jurisdiction warranting a dismissal of the action for lack of subject matter jurisdiction.

Dismissal is warranted under Rule 12(b)(5) of the Federal Rules of Civil Procedure

5. Defendant Gerald Migdol received a copy of the summons and complaint by mail at his office and found a copy of the summons and complaint outside of his office on the sidewalk, which is not proper service in accordance with the New York Civil Practice Law and Rules ("CPLR") or the FRCP; Gerald Migdol has provided a sworn affidavit that service was improper identifying with specificity the factual errors contained in the affirmation of service, and thus this Action should be dismissed as against defendant Gerald Migdol pursuant to FRCP Rule 12(b)(5).

This Action Should be Dismissed Because Plaintiff Lacks Standing

6. Plaintiff alleges in the Verified Complaint to be the holder of thee notes (the "Alleged Notes"), the original holder of which was North Fork Bank as evidenced by the mortgage documents attached to the complaint, yet Plaintiff has not included copies of the Alleged Notes nor have they established that Plaintiff is the holder of the notes by proper assignment of mortgage or endorsement of the Alleged Notes; this is particularly significant because according to public records available by the United States Securities and Exchange Commission, Capital One Financial Corporation completed their acquisition of North Fork Bankcorporation on December 1, 2006, and during 2007, North Fork Bank merged with and into Plaintiff[1], so there are at least one, if not more, transfers of the mortgage and notes that must be scrutinized by this Court to determine if the Plaintiff is indeed the lawful holder of the Alleged Notes and mortgage which will determine whether Plaintiff has standing in this Action.

---

[1] This information is public record and can be found at the Capital One Finance Corporation Form 10-K filed with the Securities and Exchange Commission dated February 29, 2008.

7. At the current time, Defendants do not believe that Plaintiff is the holder of the Alleged Notes because Plaintiff has not furnished any proof that they are or that the assignments and/or endorsements were made properly. If Plaintiff is unable to prove that they have standing, then this Action must be dismissed.

Hearing this Case in Federal Court Instead of State Court Would Be Prejudicial to Defendants and Would Result in an Inequitable Administration of Laws, Which Would Violate the Holdings of *Erie R. Co. v. Tompkins* and its Progeny

8. The body of law pertaining to diversity jurisdiction broadly speaks to the importance of protecting out of state litigants from local bias and affording them a more fair and balanced jurisdiction in the Federal courts as opposed to their State court counterparts; however, in this instance, Plaintiff, a national bank that could have sued in New York State Court, brings this suit against a New York resident with a home loan[2] in Federal Court, which allows Plaintiff to avoid the New York State Court procedural rules that require plaintiffs in a foreclosure action to engage in practices that protect defendants[3].

9. The scenario here (aside from the fact that diversity jurisdiction is lacking) is inconsistent with the intent of the diversity jurisdiction laws. Even though the Federal Court, under *Erie* and its progeny, will have to apply New York State substantive law and procedural law that affects the substantive rights of the Defendants, the Defendants will nonetheless be

---

[2] See RPAPL §1304 and Gerald Migdol's affidavit.

[3] CPLR 3408 and 22 NYCRR 202.12-A require a plaintiff in a foreclosure action to file within 60 days of the filing of the proof of service a Request for Judicial Intervention scheduling a Mandatory Foreclosure Settlement Conference which holds all motions in abeyance during the term of the settlement conference; this prevents the plaintiff from engaging in motion practice and appointing a receiver, and it requires the plaintiff to negotiate in good faith to settle or modify the mortgage and also prove that they are in fact the holder of the note and mortgage at the conference. Furthermore, Administrative Order 548-10 and 431-11 require plaintiff's counsel to submit due diligence affidavits upon the filing of the RJI (must be 60 days after proof of service is filed) to verify the truth and accuracy of the mortgage and note.

prejudiced because by the time those *Erie Doctrine* issues are addressed in Federal Court, Plaintiff will have already sidestepped the New York State Court procedural requirements that are designed to protect the Defendants in this case, and Plaintiff will have made progress towards prejudicing the rights of the Defendants, thus creating an inequitable administration of justice in relation to the rights the Defendants would have in New York State Court, like moving for and appointing a receiver and engaging in motion practice that would otherwise be held in abeyance in New York State Court (this will all have been done by the time this Court can apply the rulings of *Hanna* and the like); the Property is a single family home with a commercial tenant on the ground floor, so appointing a receiver in Federal Court where such an appointment would not be permitted in State Court[4] creates a prejudicial bias against Defendants in Federal Court creating an inequitable administration of laws[5].

        10.      Similarly, Defendants would be prejudiced in Federal Court by being forced to engage in motion practice while Mandatory Settlement Foreclosure Conferences would otherwise be held in State Court. Furthermore, hearing this Action in New York State Court would require the Plaintiff to negotiate in good faith towards a modification of the loan or a settlement (via short sale), but no such requirement exists in Federal Court to protect the rights of a defendant in a foreclosure Action; the Federal Rules provide for settlement conferences, but their scope is far narrower than the protections afforded to Defendants under State procedural rules.

---

[4] CPLR 3408 requires that all motions be held in abeyance while a settlement conference is in session.

[5] The importance of the New York State Court requirements for plaintiffs in a foreclosure action are particularly important in cases where a plaintiff, like in this Action, alleges to be the holder of the note (here, there are three notes at issue) after the note has been transferred, but has not provided copies of said notes in their complaint or otherwise with proof of proper assignments or endorsements establishing their standing in the foreclosure action.

11. All of the above creates an unjust dynamic in New York where a plaintiff in a foreclosure action, many of which are multi-national banks, will have an incentive to "forum shop" and choose Federal Court over New York State Court in order to avoid the procedural rules established in New York State Court designed to protect defendants in foreclosure. Moreover, this dynamic creates an inequitable administration of justice from the inception of the action in Federal Court because motions for a receiver will not be held in abeyance and Plaintiff will not be required to negotiate in good faith to modify or settle as they would in State Court.

12. In addition to requesting the relief described in this Memorandum above, Defendants urge this Court in its authority to make equitable decisions to rule in favor of equity and equality under the law by dismissing this action and requiring Plaintiff to commence an action in New York State Court. Defendants understand that the United States Supreme Court cases which comprise the ever evolving *Erie Doctrine* do not explicitly hold that a case should be dismissed in such an instance, but the holdings certainly support Defendants' position, and Defendants are concerned that without a dismissal of the action, there is not a sufficient way for a Federal Court to apply equal protection under the laws, an equitable administration of laws, and to prevent the incentive for lenders in foreclosure suits to continue forum shop for the reasons explained above.

13. For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss due to lack of subject matter jurisdiction, improper service of the summons and complaint, lack of personal jurisdiction on Gerald Migdol, Plaintiff's lack of standing, and because hearing this Action in Federal Court would result in an inequitable administration of laws; thus, Defendants

respectfully request that this Court dismiss Plaintiff's Verified Complaint and the Action in its entirety.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
August 2, 2012

                                              Respectfully submitted,

                                              _____s/_____
                                              Aaron Migdol, Esq.
                                              223 West 138th Street
                                              Ground Floor
                                              New York, NY 10030
                                              aaronmigdol@migdolnyc.com
                                              Phone: (212) 283-4423
                                              Fax: (212) 283-4424

                                              *Attorney for Defendants 201 W 134 ST LLC and Gerald Migdol*