UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

CAPITAL ONE, NATIONAL ASSOCIATION,

                                  Plaintiff,

        -against-

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY
MIGDOL, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, and "JOHN AND/OR
JANE DOE #1" to "JOHN AND/OR JANE DOE #5"
inclusive, the last five named persons being unknown to
plaintiff, the persons and parties intended being the tenants,
occupants, persons, entities, or corporations, if any, having
or claiming upon the premises at 201 West 134th Street
a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York
New York, a four-story, single dwelling building, as more
fully described in the complaint,

                               Defendants.

-------------------------------------------------------------------------

12 Civ. 5025 (JMF)
ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Aaron Migdol, Esq.
223 West 138th Street, Ground Floor
New York, New York 10030
aaronmigdol@migdolnyc.com
(212) 283-4423 (phone)
(212) 283-4424 (fax)
Attorney for Defendants
201 W 134 ST LLC and Gerald Migdol

**TABLE OF CONTENTS**

**Section**                                                                                                                                    **Page**

TABLE OF AUTHORITIES................................................................................................................ii

PRELIMINARY STATEMENT......................................................................................................1

STATEMENT OF FACTS..............................................................................................................1

ARGUMENT...................................................................................................................................2

I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THUS THE
        COMPLAINT AND ACTION SHOULD BE DISMISSED PURSUANT
        TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE....................2

        A.      PLAINTIFF FAILED TO INDICATE THE CITIZENSHIP OF ALL
                DEFENDANTS..........................................................................................................2

        B.      DEFENDANT NEW YORK STATE DEPARTMENT OF TAXATION
                AND FINANCE IS A NON-DIVERSE PARTY........................................................3

II.     THE SUMMONS AND COMPLAINT WERE NOT PROPERLY SERVED ON
        DEFENDANT GERALD MIGDOL; THEREFORE, THE COURT DOES NOT HAVE
        PERSONAL JURISDICTION OVER GERALD MIGDOL, AND THE COMPLAINT
        AND ACTION SHOULD BE DISMISSED AS AGAINST HIM PURSUANT TO RULE
        12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE.....................................4

III.    THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE
        HOLDER OF THE ALLEGED NOTES AND MORTGAGE,
        AND THEREFORE LACKS STANDING...........................................................................7

IV.     HEARING THIS CASE IN FEDERAL COURT INSTEAD OF STATE COURT
        WOULD BE PREJUDICIAL TO DEFENDANTS AND WOULD RESULT IN AN
        INEQUITABLE ADMINISTRATION OF LAWS, WHICH WOULD VIOLATE THE
        HOLDINGS OF *ERIE R. CO. V. TOMPKINS* AND ITS PROGENY...............................9

CONCLUSION...............................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Aurora Loan Servs. LLC v. Sadek,*
    809 F. Supp. 2d 235, 2011 WL 3678005, at *2 (S.D.N.Y. 2011)........................................2

*Bankers Trust Co. v. Hoovis,*
    263 A.D.2d 937, 694 N.Y.S.2d 245, 247 (3d Dep't 1999)...............................................8

*Caterpillar Inc. v. Lewis,*
    519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)...................................................2

*Commer v. McEntee,*
    283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003)...................................................................5

*Copelco Capital, Inc, v. Gen. Consul of Bolivia,*
    940 F. Supp. 93, 94 (S.D.N.Y. 1996)..........................................................................5

*Darden v. DaimlerChrysler N. Am. Holding Corp.,*
    191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)..................................................................6

*Dowlah v. Dowlah,*
    09 Civ. 2020, 2010 U.S. Dist. LEXIS 22196, 2010 WL 889292, at *1 (E.D.N.Y. Mar. 10,
    2010)...........................................................................................................................3

*Eastern Sav. Bank v. Walker,*
    775 F. Supp. 2d 565 (E.D.N.Y. 2011)..............................................................4 n.2

*Erie R. Co. v. Tompkins,*
    304 U.S. 64 (U.S. 1938).......................................................................9, 10, 11, 12

*Fed. Nat'l Mortgage Ass'n v. Youkelsone,*
    303 A.D.2d 546, 755 N.Y.S.2d 730, 731 (2d Dep't 2003)...................................8

*Flyer v. Sullivan,*
    284 A.D. 697, 699, 134 N.Y.S.2d 521, 523 (1st Dep't 1954).............................8

*Ganoe v. Lummis,*
    662 F. Supp. 718, 723 (S.D.N.Y. 1987))...................................................................2

*Handelsman v. Bedford Vill. Assoc. Ltd. P'ship,*
    213 F.3d 48, 52 (2d Cir. 2000)..................................................................................2

*Hanna v. Plumer*,
      380 U.S. 460, 467 (U.S. 1965).................................................................9, 10, 11, 12, 13

*Howard v. Klynveld Peat Marwick Goerdeler*,
      977 F. Supp. 654, 658 (S.D.N.Y. 1997)................................................................5

*Hawthorne v. Citicorp Data Sys., Inc.*,
      219 F.R.D. 47, 49 (E.D.N.Y. 2003)......................................................................5

*Jazini v. Nissan Motor Co.*,
      148 F.3d 181, 184 (2d Cir. 1998).........................................................................5

*Kluge v. Fugazy*,
      145 A.D.2d 537, 536 N.Y.S.2d 92, 93 (2d Dep't 1988)......................................8

*Kwon v. Yun*,
      No. 05 Civ. 1142, 2006 U.S. Dist. LEXIS 7386, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21,
2006)......................................................................................................................5

*Laufer Wind Grp. LLC v. DMT Holdings LLC*,
      No. 10 Civ. 8716 (RJH), 2010 U.S. Dist. LEXIS 135430, 2010 WL 5174953, at *1
      (S.D.N.Y. Dec. 20, 2010)......................................................................................2

*Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003)....................................6

*Morrison v. Nat'l Australia Bank Ltd.*,
      547 F.3d 167, 170 (2d Cir. 2008).........................................................................3

*RCR Servs. Inc. v. Herbil Holding Co.*,
      229 A.D.2d 379, 645 N.Y.S.2d 76, 77 (2d Dep't 1996).......................................8

*Sajimi v. City of New York*, No. 07 CV 3252, 2011 U.S. Dist. LEXIS 3912, 2011 WL 135004, at
      *3 (E.D.N.Y. Jan. 13, 2011)..................................................................................5

*Saratoga County Chamber of Commerce, Inc. v Pataki*,
      100 N.Y.2d 801, 812, 798 N.E.2d 1047, 766 N.Y.S.2d 654 (2003), cert denied 540 U.S.
      1017, 124 S. Ct. 570, 157 L. Ed. 2d 430 (2003)..................................................7

*Strawbridge v. Curtiss*,
      7 U.S. 267, 2 L.Ed. 435, 435, 3 Cranch 267, 267 (1806)....................................2

*Strother v. Harte,*
          171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001)..................................................................3

*UBS Secs. LLC v. Voegeli,*
          684 F. Supp. 2d 351, 354 n.5 (S.D.N.Y. 2010).........................................................3

*U.S. Bank, N.A. v. Collymore*,
          68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dept 2009)..................................8

*Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.,*
          451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)..............................................................5

**Statutes and Rules**                                                                                        **Page**

Federal
28 U.S.C. § 1332...................................................................................................................2, 3

Fed. R. Civ. P. 4(e).................................................................................................................4

Fed. R. Civ. P. 4(e)(1)............................................................................................................5

Fed. R. Civ. P. 12(b)..............................................................................................................1

Fed. R. Civ. P. 12(b)(1)......................................................................................................2, 3

Fed. R. Civ. P. 12(b)(5)....................................................................................................5, 6, 7

Fed. R. Civ. P. 12(h)(3)..........................................................................................................3

New York State
22 NYCRR 202.12-A.......................................................................................n.5, n.9, n.10, n.11

C.P.L.R. § 308(2)....................................................................................................................5

C.P.L.R. § 3408.............................................................................................n.5, n.6, n.9, n.10, n.11, n.12

R.P.A.P.L. § 1304................................................................................................................n.4

O.C.A Administrative Order 548-10.................................................................................n.5, n.8

O.C.A. Administrative Order 431-11.................................................................................n.5, n.8

## PRELIMINARY STATEMENT

This Memorandum of Law[1] is respectfully submitted on behalf of defendants 201 W 134 ST LLC and Gerald Migdol (the "Defendants") in support of their motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (herein "FRCP"), for an order dismissing Plaintiff's Verified Complaint and the above captioned action (the "Action") for lack of subject matter jurisdiction, improper service of the summons and complaint, Plaintiff's lack of standing, and because hearing this Action in Federal Court would result in an inequitable administration of laws as explained below.

## STATEMENT OF FACTS

Defendant Gerald Migdol owns 201 West 134th Street New York, NY 10030 (the "Property") as a member of limited liability company 201 W 134 ST LLC (the "LLC"). The Property is a one family dwelling with a commercial space on the ground floor. Gerald Migdol purchased and renovated the Property with the intention that the Property would be his principal dwelling place; he obtained financing either as the borrower or as the co-borrower (guarantor) at various stages of ownership and renovation with debts that were incurred primarily for household purposes, and since he purchased the Property, he either used the Property as his principal dwelling or rented it out for short periods of time with the intention that it will later be occupied by him as his principal dwelling. Gerald Migdol found a copy of the summons and complaint for this Action on the sidewalk outside of his office and also received a copy of the summons and complaint in this Action by mail. The facts listed in the attached Affirmation of Aaron Migdol and affidavit of Gerald Migdol are hereby incorporated by reference.

---

[1] This Memorandum of Law adopts the defined terms in the Affirmation of Aaron Migdol.

1

## ARGUMENTS

### POINT I
### THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THUS THE COMPLAINT AND ACTION SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants; however, complete diversity of citizenship between Plaintiff and all Defendants does not exist as explained below, and thus the Verified Complaint and action be dismissed for lack of subject matter jurisdiction.

### A.    PLAINTIFF FAILED TO INDICATE THE CITIZENSHIP OF ALL DEFENDANTS

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Where jurisdiction is based on 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties; no plaintiff can be a citizen of the same state as a defendant. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435, 435, 3 Cranch 267, 267 (1806) (overruled on other grounds). A complaint properly invoking diversity jurisdiction includes not just a statement of diversity, but "an averment of the particular states of which the parties are citizens." *Laufer Wind Grp. LLC v. DMT Holdings LLC,* No. 10 Civ. 8716 (RJH), 2010 U.S. Dist. LEXIS 135430, 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (quoting *Ganoe v. Lummis,* 662 F. Supp. 718, 723 (S.D.N.Y. 1987)). For diversity purposes, a limited liability company is a citizen of each state of which one of its members is a citizen. *Aurora Loan Servs. LLC v. Sadek*, 809 F. Supp. 2d 235, 2011 WL 3678005, at *2 (S.D.N.Y. 2011); *Handelsman v. Bedford Vill.*

2

*Assoc. Ltd. P'ship,* 213 F.3d 48, 52 (2d Cir. 2000); *UBS Secs. LLC v. Voegeli,* 684 F. Supp. 2d

351, 354 n.5 (S.D.N.Y. 2010).

Here, Plaintiff failed to indicate the citizenship of the defendant LLCs' members, and this

is generally insufficient. *See Strother v. Harte,* 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) (Chin,

J.) (granting motion to dismiss for failure to sufficiently allege diversity jurisdiction where

plaintiff did not indicate citizenship of defendant LLC members). A case is properly dismissed

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the

statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.

3d 167, 170 (2d Cir. 2008). The party invoking the jurisdiction of the Court bears the burden,

once challenged, of proving that such jurisdiction exists. Id. See also *Dowlah v. Dowlah*, 09 Civ.

2020, 2010 U.S. Dist. LEXIS 22196, 2010 WL 889292, at *1 (E.D.N.Y. Mar. 10, 2010). "If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3).

Plaintiff has not provided a comprehensive list of all members of Defendant 201 W 134

ST LLC, and thus has not established complete diversity of citizenship under 28 U.S.C. § 1332.

Defendants motion to dismiss pursuant to Rule 12(b)(1) of the FRCP should be granted for this

reason alone.

**B.      DEFENDANT NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE IS A NON-DIVERSE PARTY**

Plaintiff naming the State of New York as a defendant in an action destroys diversity; the

New York State Department of Taxation and Finance is simply an agency of the State of New

York, and thus has no citizenship separate from that of the State, and since the State is not a

citizen for diversity purposes, neither is the Department of Taxation and Finance. Thus, Plaintiff

would not be able to bring an action against it based on diversity of citizenship. New York State

Department of Taxation and Finance is a non-diverse party for purposes of diversity jurisdiction

warranting a dismissal of the action for lack of subject matter jurisdiction *Eastern Sav. Bank v.*

*Walker*, 775 F. Supp. 2d 565 (E.D.N.Y. 2011).

Here, Plaintiff has named defendant New York State Department of Taxation and Finance

(NYSDOTF)  in a diversity suit; Plaintiff has not established complete diversity by naming

defendant NYSDOTF, and thus this Action should be dismissed for lack of subject matter

jurisdiction.[2]

**POINT II**
**THE SUMMONS AND COMPLAINT WERE NOT PROPERLY SERVED ON**
**DEFENDANT GERALD MIGDOL; THEREFORE, THE COURT DOES NOT HAVE**
**PERSONAL JURISDICTION OVER GERALD MIGDOL, AND THE COMPLAINT AND**
**ACTION SHOULD BE DISMISSED AS AGAINST HIM PURSUANT TO**
**RULE 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Under Rule 4(e) of the FRCP, service may be affected on an individual within the United

States by:

1.    following state law for serving a summons in an action brought in courts of general
      jurisdiction in the state where the district court is located or where service is made; or

2.    doing any of the following:
      (A)    delivering a copy of the summons and of the complaint to the individual
             personally;
      (B)    leaving a copy of each at the individual's dwelling or usual place of abode with
             someone of suitable age and discretion who resides there; or
      (C)    delivering a copy of each to an agent authorized by appointment or by law to
             receive service of process.

---

[2] The Court in *Eastern Sav. Bank* also held that plaintiff could dismiss the non-diverse defendants whose presence
would destroy diversity so long as there was not a violation of Rule 19 of the FRCP. However, the Court noted that
by plaintiff not naming NYSDOTF, the property would be sold at a foreclosure sale subject to any liens by the
NYSDOTF, and the Court also noted in Footnote 10 that the Court's decision to allow the plaintiff to proceed with
the foreclosure action without naming NYSDOTF does not determine whether the borrower could claim that
plaintiff foreclosed in a commercially unreasonable manner and thereby depressed the sales price of the property.

Pursuant to Rule 4(e)(1) of the FRCP, New York Civil Practice Law and Rules ("CPLR") § 308(2) permits service:

> "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business."

Pursuant to Rule 12(b)(5), "a complaint may be dismissed for insufficient service of process." *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)); see also *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("Without proper service a court has no personal jurisdiction over a defendant."). A court may not exercise jurisdiction over the person of a party who has not been effectively served with process. See *Sajimi v. City of New York*, No. 07 CV 3252, 2011 U.S. Dist. LEXIS 3912, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011) (holding that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement for service of summons must be satisfied"); see also *Copelco Capital, Inc, v. Gen. Consul of Bolivia*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996). On such jurisdictional matters, the plaintiff bears the burden of proof. See *Commer v. McEntee*, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003) ("Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service."). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." *Kwon v. Yun*, No. 05 Civ. 1142, 2006 U.S. Dist. LEXIS 7386, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006) (citations omitted); see also *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

5

In this regard, conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). In resolving a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) (quoting *Darden*, 191 F. Supp. 2d at 387).

Here, Defendant Gerald Migdol received a copy of the summons and complaint by mail at his office and found a copy of the summons and complaint in front of his office on the sidewalk, which is not proper service in accordance with the CPLR or the FRCP; Gerald Migdol has provided a sworn affidavit that service was improper, and thus this Action should be dismissed as against Defendant Gerald Migdol pursuant to FRCP Rule 12(b)(5).

Furthermore, the Affidavits that Plaintiff submits as proof of service are false; the Affidavit of Service on Defendant Gerald Migdol and the Affidavit of Service on Defendant 201 W 134 LLC filed via the Electronic Case Filing (ECF) system are identical and each signed by Nicholas Kelly; each affidavit of service states:

"I informed 'John Doe' when he refused to accept the above documents that I would be leaving said documents on the receptionist desk of the office located at 223 West 138th Street Ground Floor, Ny NY 10030." Mr. Kelly in each Affidavit of Service then describes "John Doe" as a black male with dark brown hair, age 40 weighing 170 pounds and 5'10" tall.

There are several problems with each of the Affidavits of Services which are also described in the accompanying affidavit of Gerald Migdol:

6

1.      Although Gerald Migdol admits that 223 West 138th Street, Ground Floor, New York, NY is his place of business, there is not a person that lives or works at 223 West 138th Street, Ground Floor, New York, NY ("Migdol's Office") that fits the description of "John Doe" at Migdol's Office; furthermore, the description of "John Doe" does not describe Gerald Migdol;

2.      Affiant Nicholas Kelly swears that he "informed" "John Doe" that he "would be leaving said documents on the receptionist desk" but the affiant does not swear that he did in fact leave said documents on the receptionist desk or anywhere in the office;

3.      The reason why the above paragraph is so significant is because there is no receptionist desk at the Migdol Office, which casts even more doubt on the veracity of the Affidavit of Service;

4.      Finally, Defendant Gerald Migdol discovered the summons and complaint on the sidewalk outside of Migdol's Office, which further reinforces that the Affidavit of Service is false.

Defendant Gerald Migdol was not served properly in accordance with the CPLR or the FRCP; accordingly, this Action should be dismissed as against Gerald Migdol for the reasons stated above and pursuant to FRCP Rule 12(b)(5).

## POINT III
### THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE HOLDER OF THE ALLEGED NOTES AND MORTGAGE, AND THEREFORE LACKS STANDING

The Court of Appeals, in *Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 N.Y.2d 801, 812, 798 N.E.2d 1047, 766 N.Y.S.2d 654 (2003), cert denied 540 U.S. 1017, 124 S. Ct. 570, 157 L. Ed. 2d 430 (2003), declared that "standing to sue is critical to the proper

7

functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." Some courts have held that a plaintiff has standing to bring a foreclosure action only if it is the lawful holder of the mortgage note at the time the complaint is filed. *See e.g., Fed. Nat'l Mortgage Ass'n v. Youkelsone*, 303 A.D.2d 546, 755 N.Y.S.2d 730, 731 (2d Dep't 2003) (citing cases); *Kluge v. Fugazy*, 145 A.D.2d 537, 536 N.Y.S.2d 92, 93 (2d Dep't 1988) ("[F]oreclosure of a mortgage many not be brought by one who has no title to it . . . ."). However, other courts have found that a plaintiff can sue to foreclose a mortgage as long as the plaintiff was assigned the note prior to service of the complaint. *See, e.g., Bankers Trust Co. v. Hoovis*, 263 A.D.2d 937, 694 N.Y.S.2d 245, 247 (3d Dep't 1999) ("Where plaintiff is the assignee of a mortgage at the time of service of the complaint, plaintiff has standing and is entitled to commence a [foreclosure] proceeding in its own name."); *RCR Servs. Inc. v. Herbil Holding Co.*, 229 A.D.2d 379, 645 N.Y.S.2d 76, 77 (2d Dep't 1996) ("[B]ecause the plaintiff, at the time it served the complaint on [defendant] in 1994 . . .was the assignee of the subject mortgage, the plaintiff had standing and was entitled to commence this proceeding in its own name."). Physical possession of the Note and Mortgage is all that is required to prove standing. *See U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dept 2009) ("Either a written assignment of the underlying note or the physical deliver of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation"); *Flyer v. Sullivan*, 284 A.D. 697, 699, 134 N.Y.S.2d 521, 523 (1st Dep't 1954).

Here, Plaintiff alleges to be the holder of thee notes (the "Alleged Notes"), the original holder of which was North Fork Bank as evidenced by the mortgage documents attached to the

8

complaint, yet Plaintiff has not included copies of the Alleged Notes nor have they established

that Plaintiff is the holder of the notes by proper assignment of mortgage or endorsement of the

Alleged Notes; this is particularly significant because according to public records available by

the United States Securities and Exchange Commission, Capital One Financial Corporation

completed their acquisition of North Fork Bankcorporation on December 1, 2006, and during

2007, North Fork Bank merged with and into Plaintiff[3], so there are at least one, if not more,

transfers of the mortgage and notes that must be scrutinized by this Court to determine if the

Plaintiff is indeed the lawful holder of the Alleged Notes and mortgage which will determine

whether Plaintiff has standing in this Action. At the current time, Defendants do not believe that

Plaintiff is the holder of the Alleged Notes because Plaintiff has not furnished any proof that they

are or that the assignments and/or endorsements were made properly. If Plaintiff is unable to

prove that they have standing, then this Action must be dismissed.

**POINT IV**
**HEARING THIS CASE IN FEDERAL COURT INSTEAD OF STATE COURT WOULD
BE PREJUDICIAL TO DEFENDANTS AND WOULD RESULT IN AN INEQUITABLE
ADMINISTRATION OF LAWS, WHICH WOULD VIOLATE THE
HOLDINGS OF *ERIE R. CO. V. TOMPKINS* AND ITS PROGENY**

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938) and its progeny, although they do not

explicitly support a motion to dismiss, discuss the importance of preventing the practice of

"forum-shopping" and upholding the equal protection and inequitable administration of the laws

in diversity jurisdiction cases. The United States Supreme Court held in *Hanna v. Plumer*, 380

U.S. 460, 467 (U.S. 1965) that, "The Erie rule is rooted in part in a realization that it would be

---

[3] This information is public record and can be found at the Capital One Finance Corporation Form 10-K filed with
the Securities and Exchange Commission dated February 29, 2008.

unfair for the character or result of a litigation materially to differ because the suit had been brought in federal court." In *Hanna*, the U.S. Supreme Court also held that,

> "Not only are nonsubstantial, or trivial variations not likely to raise the sort of equal protection problems which troubled the Court in *Erie*; they are also unlikely to influence the choice of forum. The 'outcome-determination' test therefore cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws."

The body of law pertaining to diversity jurisdiction broadly speaks to the importance of protecting out of state litigants from local bias and affording them a more fair and balanced jurisdiction in the Federal courts as opposed to their State court counterparts; however, in this instance, Plaintiff, a national bank that could have sued in New York State Court, brings this suit against a New York resident with a home loan[4] in Federal Court, which allows Plaintiff to avoid the New York State Court procedural rules that require plaintiffs in a foreclosure action to engage in practices that protect defendants[5]; the scenario here (aside from the fact that diversity jurisdiction is lacking) is inconsistent with the intent of the diversity jurisdiction laws. Even though the Federal Court, under *Erie* and its progeny, will have to apply New York State substantive law and procedural law that affects the substantive rights of the Defendants, the Defendants will nonetheless be prejudiced because by the time those *Erie Doctrine* issues are addressed in Federal Court, Plaintiff will have already sidestepped the New York State Court procedural requirements that are designed to protect the Defendants in this case, and Plaintiff

---

[4] See RPAPL §1304 and Gerald Migdol's affidavit.

[5] CPLR 3408 and 22 NYCRR 202.12-A require a plaintiff in a foreclosure action to file within 60 days of the filing of the proof of service a Request for Judicial Intervention scheduling a Mandatory Foreclosure Settlement Conference which holds all motions in abeyance during the term of the settlement conference; this prevents plaintiffs from engaging in motion practice and appointing a receiver, and it requires the plaintiff to negotiate in good faith to settle or modify the mortgage and also prove that they are in fact the holder of the note and mortgage at the conference. Furthermore, Administrative Order 548-10 and 431-11 require plaintiff's counsel to submit due diligence affidavits upon the filing of the RJI (must be 60 days after proof of service is filed) to verify the truth and accuracy of the mortgage and note.

will have made progress towards prejudicing the rights of the Defendants, thus creating an

inequitable administration of justice in relation to the rights the Defendants would have in New

York State Court, like moving for and appointing a receiver and engaging in motion practice that

would otherwise be held in abeyance in New York State Court (this will all have been done by

the time this Court can apply the rulings of *Hanna* and the like); the Property is a single family

home with a commercial tenant on the ground floor, so appointing a receiver in Federal Court

where such an appointment would not be permitted in State Court[6] creates a prejudicial bias

against Defendants in Federal Court creating an inequitable administration of laws[7]. Similarly,

Defendants would be prejudiced in Federal Court by being forced to engage in motion practice

while Mandatory Settlement Foreclosure Conferences would otherwise be held in State Court.

All of this creates an unjust dynamic in New York where a plaintiff in a foreclosure action, many

of which are multi-national banks, will have an incentive to "forum shop" and choose Federal

Court over New York State Court in order to avoid the procedural rules established in New York

State Court designed to protect defendants in foreclosure.

      Allowing this case to move forward in Federal Court rather than State Court would

violate the federalism principle of *Erie*, by engendering substantial variations in outcomes

between state and federal litigation which would likely influence forum choice *Hanna v. Plumer*,

380 U.S. 460, 467-468, 14 L. Ed. 2d 8, 85 S. Ct. 1136.

      Here, New York State procedural law conflicts with Federal procedure in that New York

State Law requires plaintiffs in a foreclosure action to submit due diligence affidavits attesting to

---

[6] CPLR 3408 requires that all motions be held in abeyance while a settlement conference is in session.

[7] The importance of the New York State Court requirements for plaintiffs in a foreclosure action are particularly important in cases where a plaintiff, like in this Action, alleges to be the holder of the note (here, there are three notes at issue) after the note has been transferred, but has not provided copies of said notes in their complaint or otherwise with proof of proper assignments or endorsements establishing their standing in the foreclosure action.

the truthfulness and accuracy of the mortgage documents[8] and to file a specialized Request for

Judicial Intervention requesting a Mandatory Settlement Conference within 60 days of the filing

of the proof of service[9], with the Mandatory Settlement Conference holding all motions in

abeyance until a settlement is reached or failed[10], while the Plaintiff is required to negotiate and

attempt to modify the mortgage or settle in good faith at the settlement conference and provide

the mortgage and note in order to establish standing[11]. The conflict here is that Federal Rules

provide for settlement conferences and settlement conferences are held in Federal Courts, but the

rules governing the conferences and the scope of the conferences are not as broad as the New

York State rules governing the settlement conferences, and therefore, since there is no Federal

Rule which covers the point in dispute, *Erie* and the cases following it command the enforcement

of state law. However, once a foreclosure case is commenced in Federal Court, the inequitable

administration of law begins because defendants are not afforded the same level of protection as

they would be in New York State Court as explained above[12].

       In footnote number 9, the U.S. Supreme Court in *Hanna* states,

> "*Erie* and its progeny make clear that when a federal court sitting in a diversity case is
> faced with a question of whether or not to apply state law, the importance of a state rule is
> indeed irrelevant, but only in the context of asking whether application of the rule would
> make so important a difference to the character or result of the litigation that failure to
> enforce it would unfairly discriminate against citizens of the forum State, or whether
> application of the rule would have so important an effect upon the fortunes or one or both

---

[8] Administrative Orders #548-10 and 431-11

[9] CPLR 3408 and 22 NYCRR 202.12-A

[10] *Id.*

[11] *Id.*

[12] A plaintiff in Federal Court can move for a receiver without ever needing to comply with CPLR 3408 which would hold that motion, and thus the appointment of a receiver, in abeyance pending the determination of a settlement conference.

of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court."

Here, it is clear that a failure to enforce New York State procedural law from the very inception of the case will unfairly discriminate against Defendants; the Federal Law pertaining to settlement conferences is extremely narrow as compared to the New York State laws, while there are no comparable Federal Laws on point that pertain to holding motions in abeyance to protect foreclosure defendants while a settlement is attempted to be reached. Failure to apply New York State laws from the onset of the litigation will result in an inequitable administration of laws and it also promotes forum shopping amongst plaintiffs in foreclosure actions that can assert diversity jurisdiction; thus, holding this action in Federal Court as opposed to New York State Court would violate the very spirit of the *Erie Doctrine* as articulated by its progeny.

In addition to requesting the relief described in this Memorandum above, Defendants urge this Court in its authority to make equitable decisions to rule in favor of equity and equality under the law by dismissing this action and requiring Plaintiff to commence an action in New York State Court. Defendants understand that the United States Supreme Court cases which comprise the ever evolving *Erie Doctrine* do not explicitly hold that a case should be dismissed in such an instance, but the holdings certainly support Defendants' position, and Defendants are concerned that without a dismissal of the action, there is not a sufficient way for a Federal Court to apply equal protection under the laws, an equitable administration of laws, and to prevent the incentive for lenders in foreclosure suits to continue forum shop for the reasons explained above.

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss due to

lack of subject matter jurisdiction, improper service of the summons and complaint, lack of

personal jurisdiction on Gerald Migdol, Plaintiff's lack of standing, and because hearing this

Action in Federal Court would result in an inequitable administration of laws; thus, Defendants

respectfully request that this Court dismiss Plaintiff's Verified Complaint and the Action in its

entirety.

Dated:  New York, NY
        August 2, 2012

Respectfully submitted,


_____s/_____
Aaron Migdol, Esq.
223 West 138th Street
Ground Floor
New York, NY 10030
aaronmigdol@migdolnyc.com
Phone: (212) 283-4423
Fax: (212) 283-4424

*Attorney for Defendants 201 W 134 ST LLC and*
*Gerald Migdol*

14