UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
CAPITAL ONE, NATIONAL ASSOCIATION,

                                                  Plaintiff,

        -against-                                  AFFIRMATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY MIGDOL, and "JOHN AND/OR JANE DOE #1" to "JOHN AND/OR JANE DOE #5" inclusive, the last five named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 201 West 134th Street a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York New York, a four-story, single dwelling building, as more fully described in the complaint,

12 Civ. 5025 (JMF)
ECF Case

                                                  Defendants.
------------------------------------------------------------------------

       I. Aaron Migdol, Esq., affirm under penalty of perjury that:

       1.       I am the attorney representing 201 W 134 ST LLC and Gerald Migdol (the "Defendants") in the above entitled action (the "Action") and I have personal knowledge of facts which bear on this motion because I have discussed the facts and circumstances pertaining to this Action with my clients.

       2.       Plaintiff filed an unverified amended complaint on August 24, 2012 (the "Amended Complaint"), and pursuant to Justice Furman's Order dated and filed August 3, 2012, Defendants submit this motion to dismiss the Amended Complaint; Defendants respectfully move this Court to issue an order dismissing Plaintiff's Amended Complaint and this Action pursuant to Rule 12(b) of the Federal Rules of Procedure for the several reasons stated below, for

the additional reasons stated herein and for all of the reasons stated in the accompanying Memorandum of Law and Affidavit of Defendant Gerald Migdol.

3. Defendants are entitled to the relief they seek for the reasons described in this Affirmation, the accompanying Memorandum of Law and the Affidavit of Gerald Migdol.

Dismissal is warranted under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure

4. Plaintiff's Amended Complaint and this Action should be dismissed pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") due to lack of personal jurisdiction and insufficient service of process, as is explained below.

5. Defendant Gerald Migdol received a copy of the original summons and complaint by mail at his office and found a copy of the summons and complaint outside of his office on the sidewalk, which is not proper service in accordance with the New York Civil Practice Law and Rules ("CPLR") or the FRCP; Gerald Migdol has provided a sworn affidavit that service was improper identifying with specificity the factual errors contained in the affirmation of service.

6. Defendant 201 W 134 ST LLC (the "LLC") was served with the original summons and complaint in accordance with the CPLR when Plaintiff served the Secretary of State; however, Plaintiff did not serve the Amended Complaint on the LLC in accordance with the CPLR or the FRCP, nor was a copy of the Amended Complaint mailed to me or served upon me, thus Plaintiff failed to properly serve the Amended Complaint on the LLC.

7. As is explained in Gerald Migdol's affidavit dated September 14, 2012, two copies of the Amended Complaint were left outside of the external entrance door to Gerald Migdol's office building on the ground (Gerald Migdol has pictures of this if the Court would

like to see), but Gerald Migdol was not served with a copy of the Amended Complaint either personally or by mail. This is not proper service upon Gerald Migdol or the LLC in accordance with the CPLR or the FRCP.

8. Due to the foregoing, this Action should be dismissed as against defendant Gerald Migdol and the LLC pursuant to FRCP Rule 12(b)(5) because of insufficient process, and because of lack of personal jurisdiction on both of the Defendants.

This Action Should Be Dismissed Because Plaintiff Lacks Standing

9. Plaintiff alleges in the Amended Complaint, which is unverified, to be the holder of three notes (the "Alleged Notes"), the original holder of which was North Fork Bank as evidenced by the mortgage documents attached to the Amended Complaint, yet Plaintiff has not included copies of the Alleged Notes nor have they established that Plaintiff is the holder of the notes by proper assignment of mortgage or endorsement of the Alleged Notes; this is particularly significant because according to public records available by the United States Securities and Exchange Commission, Capital One Financial Corporation completed their acquisition of North Fork Bankcorporation on December 1, 2006, and during 2007, North Fork Bank merged with and into Plaintiff[1], so there are at least one, if not more, transfers of the mortgage and notes that must be scrutinized by this Court to determine if the Plaintiff is indeed the lawful holder of the Alleged Notes and mortgage which will determine whether Plaintiff has standing in this Action.

10. At the current time, Defendants do not believe that Plaintiff is the holder of the Alleged Notes because Plaintiff has not furnished any proof that they are the holders or that the

---

[1] This information is public record and can be found at the Capital One Finance Corporation Form 10-K filed with the Securities and Exchange Commission dated February 29, 2008.

assignments and/or endorsements were made properly. If Plaintiff is unable to prove that they have standing, then this Action must be dismissed.

Hearing this Case in Federal Court Instead of State Court Would Be Prejudicial to Defendants and Would Result in an Inequitable Administration of Laws, Which Would Violate the Holdings of *Erie R. Co. v. Tompkins* and its Progeny

11.     The body of law pertaining to diversity jurisdiction broadly speaks to the importance of protecting out of state litigants from local bias and affording them a more fair and balanced jurisdiction in the Federal courts as opposed to their State court counterparts; however, in this instance, Plaintiff, a national bank that could have sued in New York State Court, brings this suit against a New York resident with a home loan[2] in Federal Court, which allows Plaintiff to avoid the New York State Court procedural rules that require a plaintiff in a foreclosure action to engage in practices that protect defendants in foreclosure[3].

12.     The scenario here is inconsistent with the intent of the diversity jurisdiction laws. Even though the Federal Court, under *Erie* and its progeny, will have to apply New York State substantive and procedural laws that affect the substantive rights of the Defendants, the Defendants will nonetheless be prejudiced because by the time those *Erie Doctrine* issues are addressed in Federal Court, Plaintiff will have already sidestepped the New York State Court procedural requirements that are designed to protect the Defendants in this case, and Plaintiff

---

[2] See RPAPL §1304 and Gerald Migdol's affidavit.

[3] CPLR § 3408 and 22 NYCRR 202.12-A require a plaintiff in a foreclosure action to file within 60 days of the filing of the proof of service a Request for Judicial Intervention scheduling a Mandatory Foreclosure Settlement Conference, which holds all motions in abeyance during the term of the settlement conference; this prevents the plaintiff from engaging in motion practice and appointing a receiver, and it requires the plaintiff to negotiate in good faith to settle or modify the mortgage and also prove that they are in fact the holder of the note and mortgage at the conference. Furthermore, Administrative Orders 548-10 and 431-11 require plaintiff's counsel to submit due diligence affidavits upon the filing of the RJI (must be 60 days after proof of service is filed) to verify the truth and accuracy of the mortgage and note.

will have made progress towards prejudicing the rights of the Defendants, thus creating an inequitable administration of justice in relation to the rights the Defendants would have in New York State Court; for example, in Federal Court, Plaintiff will be able to move for and appoint a receiver and engage in motion practice that would otherwise be held in abeyance in New York State Court (this will all have been done by the time this Court can apply the rulings of *Hanna* and the like). Here, the Property is a single family home with a commercial tenant on the ground floor, so appointing a receiver in Federal Court where such an appointment would not be permitted in State Court[4] creates a prejudicial bias against Defendants in Federal Court and an inequitable administration of laws[5].

    13. Similarly, Defendants would be prejudiced in Federal Court by being forced to engage in motion practice and incur the costs associated therewith while Mandatory Settlement Foreclosure Conferences would otherwise be held in State Court, which would hold all motions in abeyance while settlement conferences are held. Furthermore, hearing this Action in New York State Court would require the Plaintiff to negotiate in good faith towards a modification of the loan or a settlement (via short sale or reduced payoff), but no such requirement exists in Federal Court to protect the rights of a defendant in a foreclosure Action; the Federal Rules provide for settlement conferences, but their scope is far narrower than the protections afforded to Defendants under State procedural rules.

    14. All of the above creates an unjust dynamic in New York where a plaintiff in a foreclosure action, many of which are national associations with corporate citizenship outside of

---

[4] CPLR § 3408 requires that all motions be held in abeyance while a settlement conference is in session.

[5] The importance of the New York State Court requirements for plaintiffs in a foreclosure action are particularly important in cases where a plaintiff, like in this Action, alleges to be the holder of notes after the notes have been transferred, but has not provided copies of said notes in their unverified complaint or otherwise with proof of proper assignments or endorsements establishing their standing in the foreclosure action.

New York State, have an incentive to "forum shop" and choose Federal Court over New York State Court in order to avoid the procedural rules established in New York State Court designed to protect defendants in foreclosure. Moreover, this dynamic creates an inequitable administration of justice from the inception of the action in Federal Court because motions for a receiver will not be held in abeyance and the Plaintiff will not be required to negotiate in good faith to modify or settle as they would in State Court, all while foreclosure plaintiffs can make motions and thus force foreclosure defendants to incur legal and filing costs they would not otherwise incur in State Court.

15. In addition to requesting the relief described in this Affirmation and the Memorandum enclosed herewith, Defendants urge this Court in its authority to make equitable decisions to rule in favor of equity and equality under the law by dismissing this Action and requiring Plaintiff to commence an action in New York State Court. Defendants understand that the United States Supreme Court cases which comprise the ever evolving *Erie Doctrine* do not explicitly hold that a case must be dismissed in such an instance, but the holdings certainly support Defendants' position, and Defendants are concerned that without a dismissal of the Action, there is not a sufficient way for a Federal Court to apply equal protection under the laws or an equitable administration of laws, nor is there a ruling to prevent the incentive for lenders in foreclosure suits to continue to forum shop for the reasons explained above.

16. For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss due to improper service of the Amended Complaint, lack of personal jurisdiction on Gerald Migdol and the LLC, Plaintiff's lack of standing, and because hearing this Action in Federal Court would result in an inequitable administration of laws; thus, Defendants respectfully request

that this Court dismiss with prejudice Plaintiff's Amended Complaint and the Action in its entirety.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
September 14, 2012

                                          Respectfully submitted,

                                          _____s/_____
                                          Aaron Migdol, Esq.
                                          223 West 138th Street
                                          Ground Floor
                                          New York, NY 10030
                                          aaronmigdol@migdolnyc.com
                                          Phone: (212) 283-4423
                                          Fax: (212) 283-4424

                                          *Attorney for Defendants 201 W 134 ST LLC and Gerald Migdol*