UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
CAPITAL ONE, NATIONAL ASSOCIATION,

                                            Plaintiff,

    -against-

                                                  12 Civ. 5025 (JMF)

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY   ECF Case
MIGDOL,  and "JOHN AND/OR JANE DOE #1" to
"JOHN AND/OR JANE DOE #5" inclusive, the last five
named persons being unknown to plaintiff, the persons and
parties intended being the tenants, occupants, persons,
entities, or corporations, if any, having or claiming upon
the premises at 201 West 134th Street a/k/a 2280 Adam
Clayton Powell Jr. Boulevard, New York New York, a
four-story, single dwelling building, as more fully
described in the complaint,

                                            Defendants.
------------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Aaron Migdol, Esq.
223 West 138th Street, Ground Floor
New York, New York 10030
aaronmigdol@migdolnyc.com
(212) 283-4423 (phone)
(212) 283-4424 (fax)
Attorney for Defendants
201 W 134 ST LLC and Gerald Migdol

**TABLE OF CONTENTS**

**Section**                                                                                                              **Page**

TABLE OF AUTHORITIES..................................................................................................iii

PRELIMINARY STATEMENT........................................................................................1

STATEMENT OF FACTS.................................................................................................1

ARGUMENTS...................................................................................................................2

I.  THE SUMMONS AND AMENDED COMPLAINT WERE NOT PROPERLY SERVED UPON DEFENDANT GERALD MIGDOL OR DEFENDANT LLC; THEREFORE, THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER EITHER DEFENDANT, AND THUS THE AMENDED COMPLAINT AND ACTION SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(2) AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE........................................................................................2

   A.  THE ORIGINAL SUMMONS AND COMPLAINT WERE NOT SERVED PROPERLY UPON DEFENDANT GERALD MIGDOL.......................................2

   B.  THE AMENDED COMPLAINT WERE NOT PROPERLY SERVED UPON DEFENDANT GERALD MIGDOL OR DEFENDANT LLC..............................6

II. THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE HOLDER OF THE ALLEGED NOTES AND MORTGAGE, AND THEREFORE LACKS STANDING.................................................................................................7

III. HEARING THIS CASE IN FEDERAL COURT INSTEAD OF STATE COURT WOULD BE PREJUDICIAL TO DEFENDANTS AND WOULD RESULT IN AN INEQUITABLE ADMINISTRATION OF LAWS, WHICH WOULD VIOLATE THE HOLDINGS OF *ERIE R. CO. V. TOMPKINS* AND ITS PROGENY................................9

CONCLUSION................................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page**

*Bankers Trust Co. v. Hoovis*,
    263 A.D.2d 937, 694 N.Y.S.2d 245, 247 (3d Dep't 1999)..................................................7

*Commer v. McEntee*,
    283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003)..................................................................3

*Copelco Capital, Inc, v. Gen. Consul of Bolivia*,
    940 F. Supp. 93, 94 (S.D.N.Y. 1996)..........................................................................3

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
    191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)..................................................................4

*Erie R. Co. v. Tompkins*,
    304 U.S. 64 (U.S. 1938)...............................................................9, 10, 11, 12, 13, 14

*Fed. Nat'l Mortgage Ass'n v. Youkelsone*,
    303 A.D.2d 546, 755 N.Y.S.2d 730, 731 (2d Dep't 2003)............................................7

*Flyer v. Sullivan*,
    284 A.D. 697, 699, 134 N.Y.S.2d 521, 523 (1st Dep't 1954)......................................8

*Hanna v. Plumer*,
    380 U.S. 460, 467 (U.S. 1965)..........................................................9, 10, 11, 13

*Howard v. Klynveld Peat Marwick Goerdeler*,
    977 F. Supp. 654, 658 (S.D.N.Y. 1997)......................................................................3

*Hawthorne v. Citicorp Data Sys., Inc.*,
    219 F.R.D. 47, 49 (E.D.N.Y. 2003)............................................................................3

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181, 184 (2d Cir. 1998)................................................................................4

*Kluge v. Fugazy*,
    145 A.D.2d 537, 536 N.Y.S.2d 92, 93 (2d Dep't 1988)..............................................7

*Kwon v. Yun*,
    No. 05 Civ. 1142, 2006 U.S. Dist. LEXIS 7386, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006)..................................................................................................................3

*Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003)......................................4

*RCR Servs. Inc. v. Herbil Holding Co.*,
    229 A.D.2d 379, 645 N.Y.S.2d 76, 77 (2d Dep't 1996)..............................................7

*Sajimi v. City of New York*, No. 07 CV 3252, 2011 U.S. Dist. LEXIS 3912, 2011 WL 135004, at
    *3 (E.D.N.Y. Jan. 13, 2011)..................................................................................3

*Saratoga County Chamber of Commerce, Inc. v Pataki*,
    100 N.Y.2d 801, 812, 798 N.E.2d 1047, 766 N.Y.S.2d 654 (2003), cert denied 540 U.S.
    1017, 124 S. Ct. 570, 157 L. Ed. 2d 430 (2003).......................................................7

*U.S. Bank, N.A. v. Collymore*,
    68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dept 2009).....................................7

*Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*,
    451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)..............................................................3

**Statutes and Rules**                                                                                        **Page**

Federal
Fed. R. Civ. P. 4(e)......................................................................................................2, 3

Fed. R. Civ. P. 4(e)(1)..................................................................................................3

Fed. R. Civ. P. 12(b)............................................................................................1, 2, 3, 4, 6

Fed. R. Civ. P. 12(b)(2)................................................................................................2, 6

Fed. R. Civ. P. 12(b)(5)............................................................................................2, 3, 4, 6

New York State
22 NYCRR 202.12-A..................................................................................n.4, n.9, n.10, n.11

C.P.L.R. § 308(2)........................................................................................................3

C.P.L.R. § 3408...........................................................................n.4, n.5, n.9, n.10, n.11, n.12

R.P.A.P.L. § 1304.......................................................................................................n.3

O.C.A Administrative Order 548-10.....................................................................n.4, n.8

O.C.A. Administrative Order 431-11....................................................................n.4, n.8

**PRELIMINARY STATEMENT**

This Memorandum of Law[1] is respectfully submitted on behalf of defendants 201 W 134 ST LLC and Gerald Migdol (the "Defendants") in support of their motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (herein "FRCP"), for an order dismissing Plaintiff's Amended Complaint and the above captioned action (the "Action") for improper service of the summons and Amended Complaint, in addition to Plaintiff's lack of standing, and because hearing this Action in Federal Court would result in an inequitable administration of laws as explained below.

**STATEMENT OF FACTS**

Defendant Gerald Migdol owns 201 West 134th Street New York, NY 10030 (the "Property") as a member of 201 W 134 ST LLC (the "LLC"). The Property is a one family dwelling with a commercial space on the ground floor. Gerald Migdol purchased and renovated the Property with the intention that the Property would be his principal dwelling place; he obtained financing either as the borrower or as the co-borrower (guarantor) at various stages of ownership and renovation with debts that were incurred primarily for household purposes, and since he purchased the Property, he either used the Property as his principal dwelling or rented it out for short periods of time with the intention that it will later be occupied by him as his principal dwelling.

Gerald Migdol found a copy of the summons and complaint for this Action on the sidewalk outside of his office and also received a copy of the summons and complaint by mail. The LLC was served with the original summons and complaint in accordance with the CPLR

---

[1] This Memorandum of Law adopts the defined terms in the Affirmation of Aaron Migdol.

1

when Plaintiff served the Secretary of State; however, Plaintiff did not serve the Amended Complaint on the LLC in accordance with the CPLR or the FRCP, nor was a copy of the Amended Complaint mailed to me or served upon me. As is explained in Gerald Migdol's affidavit dated September 14, 2012, two copies of the Amended Complaint were left outside of the external entrance door to Gerald Migdol's office building on the ground (Gerald Migdol has pictures of this if the Court would like to see), but Gerald Migdol was not served with a copy of the Amended Complaint personally, by agent or by mail in accordance with the CPLR or the FRCP. The facts listed in the attached Affirmation of Aaron Migdol and affidavit of Gerald Migdol are hereby incorporated by reference.

## ARGUMENTS

### POINT I
### THE SUMMONS AND AMENDED COMPLAINT WERE NOT PROPERLY SERVED UPON DEFENDANT GERALD MIGDOL OR DEFENDANT LLC; THEREFORE, THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER EITHER DEFENDANT, AND THUS THE AMENDED COMPLAINT AND ACTION SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(2) AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**A.   THE ORIGINAL SUMMONS AND COMPLAINT WERE NOT SERVED PROPERLY UPON DEFENDANT GERALD MIGDOL**

Under Rule 4(e) of the FRCP, service may be effected on an individual within the United States by:

1. following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

2. doing any of the following:
    (A)   delivering a copy of the summons and of the complaint to the individual personally;
    (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Pursuant to Rule 4(e)(1) of the FRCP, New York Civil Practice Law and Rules ("CPLR") § 308(2) permits service:

> "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business."

Pursuant to Rule 12(b)(5), "a complaint may be dismissed for insufficient service of process." *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)); see also *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("Without proper service a court has no personal jurisdiction over a defendant."). A court may not exercise jurisdiction over the person of a party who has not been effectively served with process. See *Sajimi v. City of New York*, No. 07 CV 3252, 2011 U.S. Dist. LEXIS 3912, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011) (holding that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement for service of summons must be satisfied"); see also *Copelco Capital, Inc, v. Gen. Consul of Bolivia*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996). On such jurisdictional matters, the plaintiff bears the burden of proof. See *Commer v. McEntee*, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003) ("Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service."). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." *Kwon v. Yun*, No. 05 Civ. 1142, 2006 U.S. Dist. LEXIS 7386, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21,

2006) (citations omitted); see also *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). In this regard, conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). In resolving a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) (quoting *Darden*, 191 F. Supp. 2d at 387).

Here, Defendant Gerald Migdol received a copy of the summons and complaint by mail at his office and found a copy of the summons and complaint in front of his office on the sidewalk, which is not proper service in accordance with the CPLR or the FRCP; Gerald Migdol has provided a sworn affidavit that service was improper. Furthermore, the affidavits of service that Plaintiff submits as proof of service contain false statements, which cast doubt on the affiant's claims. The Affidavit of Service on Defendant Gerald Migdol and the Affidavit of Service on Defendant 201 W 134 LLC filed via the Electronic Case Filing (ECF) system are identical and each signed by Nicholas Kelly; each affidavit of service states:

"I informed 'John Doe' when he refused to accept the above documents that I would be leaving said documents on the receptionist desk of the office located at 223 West 138th Street Ground Floor, Ny NY 10030." Mr. Kelly in each Affidavit of Service then describes "John Doe" as a black male with dark brown hair, age 40 weighing 170 pounds and 5'10" tall.

There are several problems with each of the Affidavits of Services which are also described in the accompanying affidavit of Gerald Migdol:

1. Although Gerald Migdol admits that 223 West 138th Street, Ground Floor, New York, NY is his place of business, there is not a person that lives or works at 223 West 138th Street, Ground Floor, New York, NY ("Migdol's Office") that fits the description of "John Doe" at Migdol's Office; furthermore, the description of "John Doe" does not describe Gerald Migdol;

2. Affiant Nicholas Kelly swears that he "informed" "John Doe" that he "would be leaving said documents on the receptionist desk" but the affiant does not swear that he did in fact leave said documents on the receptionist desk or anywhere in the office;

3. The reason why the above paragraph is so significant is because there is no receptionist desk at the Migdol Office, which casts even more doubt on the veracity of the Affidavit of Service;

4. Finally, Defendant Gerald Migdol discovered the summons and complaint on the sidewalk outside of Migdol's Office, which further reinforces that the Affidavit of Service is false.

Plaintiff filed an Amended Affidavit of Service on September 5, 2012, which explains that the summons and complaint were left on a desk in the office, but as is explained above and in Gerald Migdol's affidavit, this is false; the Amended Affidavit of Service is highly questionable and should be scrutinized because, in the first affidavit of service, the affiant claimed that the complaint would be left on a "receptionist's desk," but Gerald Migdol's affidavit in response explained that no such receptionist desk exists in the office, and so the affiant made an Amended Affidavit of Service, which changed the language of the affidavit to match the

reality described in Gerald Migdol's affidavit. All of this raises doubts as to whether this service actually happened given the affiant's initial blatantly false statement and subsequent revision.

As described in the foregoing paragraphs, Defendant Gerald Migdol was not served properly with the original summons and complaint in accordance with the CPLR or the FRCP.

**B.    THE AMENDED COMPLAINT WERE NOT PROPERLY SERVED UPON DEFENDANT GERALD MIGDOL OR DEFENDANT LLC**

The LLC was served with the original summons and complaint in accordance with the CPLR when Plaintiff served the Secretary of State; however, Plaintiff did not serve the Amended Complaint on the LLC in accordance with the CPLR or the FRCP, nor was a copy of the Amended Complaint mailed to me or served upon me (other than in the improper way described in the following paragraph). As is explained in Gerald Migdol's affidavit dated September 14, 2012, two copies of the Amended Complaint were left outside of the external entrance door to Gerald Migdol's office building on the ground, but Gerald Migdol was not served with a copy of the Amended Complaint personally, by agent or by mail in accordance with the CPLR or FRCP.

It is important to note that Defendant Gerald Migdol and I both have our offices located at 223 West 138th Street New York, NY, so the two copies of the summons and Amended Complaint that were left outside of Gerald Migdol's office on the ground outside were also left outside of my office as well, but this is not proper service upon either Defendant in accordance with either the CPLR or the FRCP.

Due to the foregoing, the Defendants were not served properly with the Amended Complaint in accordance with the CPLR or the FRCP, and thus this Action should be dismissed as against Gerald Migdol and the LLC pursuant to FRCP Rules 12(b)(2) and 12(b)(5).

## POINT II
### THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE HOLDER OF THE ALLEGED NOTES AND MORTGAGE, AND THEREFORE LACKS STANDING

The Court of Appeals, in *Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 N.Y.2d 801, 812, 798 N.E.2d 1047, 766 N.Y.S.2d 654 (2003), cert denied 540 U.S. 1017, 124 S. Ct. 570, 157 L. Ed. 2d 430 (2003), declared that "standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." Some courts have held that a plaintiff has standing to bring a foreclosure action only if it is the lawful holder of the mortgage note at the time the complaint is filed. *See e.g., Fed. Nat'l Mortgage Ass'n v. Youkelsone*, 303 A.D.2d 546, 755 N.Y.S.2d 730, 731 (2d Dep't 2003) (citing cases); *Kluge v. Fugazy*, 145 A.D.2d 537, 536 N.Y.S.2d 92, 93 (2d Dep't 1988) ("[F]oreclosure of a mortgage may not be brought by one who has no title to it . . . ."). However, other courts have found that a plaintiff can sue to foreclose a mortgage as long as the plaintiff was assigned the note prior to service of the complaint. *See, e.g., Bankers Trust Co. v. Hoovis*, 263 A.D.2d 937, 694 N.Y.S.2d 245, 247 (3d Dep't 1999) ("Where plaintiff is the assignee of a mortgage at the time of service of the complaint, plaintiff has standing and is entitled to commence a [foreclosure] proceeding in its own name."); *RCR Servs. Inc. v. Herbil Holding Co.*, 229 A.D.2d 379, 645 N.Y.S.2d 76, 77 (2d Dep't 1996) ("[B]ecause the plaintiff, at the time it served the complaint on [defendant] in 1994 . . .was the assignee of the subject mortgage, the plaintiff had standing and was entitled to commence this proceeding in its own name."). Physical possession of the Note and Mortgage is all that is required to prove standing. *See U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dept 2009) ("Either a written

7

assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation"); *Flyer v. Sullivan*, 284 A.D. 697, 699, 134 N.Y.S.2d 521, 523 (1st Dep't 1954).

Here, Plaintiff alleges in the Amended Complaint, which is unverified, to be the holder of three notes (the "Alleged Notes"), the original holder of which was North Fork Bank as evidenced by the mortgage documents attached to the complaint, yet Plaintiff has not included copies of the Alleged Notes nor have they established that Plaintiff is the holder of the notes by proper assignment of mortgage or endorsement of the Alleged Notes; this is particularly significant because according to public records available by the United States Securities and Exchange Commission, Capital One Financial Corporation completed their acquisition of North Fork Bankcorporation on December 1, 2006, and during 2007, North Fork Bank merged with and into Plaintiff[2], so there are at least one, if not more, transfers of the mortgage and notes that must be scrutinized by this Court to determine if the Plaintiff is indeed the lawful holder of the Alleged Notes and mortgage, which will determine whether Plaintiff has standing in this Action.

At the current time, Defendants do not believe that Plaintiff is the holder of the Alleged Notes because Plaintiff has not furnished any proof that they are or that the assignments and/or endorsements were made properly. Plaintiff has also failed to provide a verification or affidavit from the holder of the note and mortgage that they held the note and mortgage at the time the action was commenced. If Plaintiff is unable to prove that they have standing, then this Action must be dismissed.

---

[2] This information is public record and can be found at the Capital One Finance Corporation Form 10-K filed with the Securities and Exchange Commission dated February 29, 2008.

## POINT III
## HEARING THIS CASE IN FEDERAL COURT INSTEAD OF STATE COURT WOULD BE PREJUDICIAL TO DEFENDANTS AND WOULD RESULT IN AN INEQUITABLE ADMINISTRATION OF LAWS, WHICH WOULD VIOLATE THE HOLDINGS OF *ERIE R. CO. V. TOMPKINS* AND ITS PROGENY

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938) and its progeny, although they do not explicitly discuss a motion to dismiss, highlight the importance of preventing the practice of "forum-shopping" and upholding the equal protection and equitable administration of the laws in diversity jurisdiction cases. The United States Supreme Court held in *Hanna v. Plumer*, 380 U.S. 460, 467 (U.S. 1965) that, "The Erie rule is rooted in part in a realization that it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in federal court." In *Hanna*, the U.S. Supreme Court also held that,

> "Not only are nonsubstantial, or trivial variations not likely to raise the sort of equal protection problems which troubled the Court in *Erie*; they are also unlikely to influence the choice of forum. The 'outcome-determination' test therefore cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws."

The body of law pertaining to diversity jurisdiction broadly speaks to the importance of protecting out of state litigants from local bias and affording them a more fair and balanced jurisdiction in the Federal courts as opposed to their State court counterparts; however, in this instance, Plaintiff, a national bank that could have sued in New York State Court, brings this suit against a New York resident with a home loan[3] in Federal Court, which allows Plaintiff to avoid the New York State Court procedural rules that require a plaintiff in a foreclosure action to

---

[3] See RPAPL §1304 and Gerald Migdol's affidavit.

engage in practices that protect defendants in foreclosure[4]; the scenario here is inconsistent with the intent of the diversity jurisdiction laws. Even though the Federal Court, under *Erie* and its progeny, will have to apply New York State substantive and procedural laws that affect the substantive rights of the Defendants, the Defendants will nonetheless be prejudiced because by the time those *Erie Doctrine* issues are addressed in Federal Court, Plaintiff will have already sidestepped the New York State Court procedural requirements that are designed to protect the Defendants in this case, and Plaintiff will have made progress towards irreversibly prejudicing the rights of the Defendants, thus creating an inequitable administration of justice in relation to the rights the Defendants would have in New York State Court; for example, in Federal Court, Plaintiff will be able to move for and appoint a receiver and engage in costly motion practice that would otherwise be held in abeyance in New York State Court (this will all have been done by the time this Court can apply the rulings of *Hanna, Byrd,* and the like). Here, the Property is a single family home with a commercial tenant on the ground floor, so appointing a receiver in Federal Court where such an appointment would not be permitted in State Court[5] creates a prejudicial bias against Defendants in Federal Court and an inequitable administration of laws[6]. Similarly, Defendants would be prejudiced in Federal Court by being forced to engage in motion

---

[4] CPLR § 3408 and 22 NYCRR 202.12-A require a plaintiff in a foreclosure action to file within 60 days of the filing of the proof of service a Request for Judicial Intervention scheduling a Mandatory Foreclosure Settlement Conference which holds all motions in abeyance during the term of the settlement conference; this prevents plaintiffs from engaging in motion practice and appointing a receiver, and it requires the plaintiff to negotiate in good faith to settle or modify the mortgage and also prove that they are in fact the holder of the note and mortgage at the conference. Furthermore, Administrative Orders 548-10 and 431-11 require plaintiff's counsel to submit due diligence affidavits upon the filing of the RJI (must be 60 days after proof of service is filed) to verify the truth and accuracy of the mortgage and note.

[5] CPLR § 3408 requires that all motions be held in abeyance while a settlement conference is in session.

[6] The importance of the New York State Court requirements for plaintiffs in a foreclosure action are particularly important in cases where a plaintiff, like in this Action, alleges to be the holder of notes after the notes have been transferred, but has not provided copies of said notes in their unverified complaint or otherwise with proof of proper assignments or endorsements establishing their standing in the foreclosure action.

practice and incur the costs associated therewith while Mandatory Settlement Foreclosure Conferences would otherwise be held in State Court, which would hold all motions in abeyance while settlement conferences are held. Furthermore, hearing this Action in New York State Court would require the Plaintiff to negotiate in good faith towards a modification of the loan or a settlement (via short sale or reduced payoff), but no such requirement exists in Federal Court to protect the rights of a defendant in a foreclosure action; the Federal Rules provide for settlement conferences, but their scope is far narrower than the protections afforded to Defendants under State procedural rules.

The foregoing creates an unjust dynamic in New York, where a plaintiff in a foreclosure action, many of which are national associations with corporate citizenship outside of New York State, have an incentive to "forum shop" and choose Federal Court over New York State Court in order to avoid the procedural rules established in New York State Court designed to protect defendants in foreclosure. Moreover, this dynamic creates an inequitable administration of justice from the inception of the action in Federal Court because motions for a receiver will not be held in abeyance and the Plaintiff will not be required to negotiate in good faith to modify or settle as they would in State Court;[7] furthermore, Defendants will be irreversibly prejudiced, as explained above, by the time the Court addresses all of these *Erie Doctrine* conflicts.

Allowing this case to move forward in Federal Court rather than State Court would violate the federalism principle of *Erie*, by engendering substantial variations in outcomes between state and federal litigation which would likely influence forum choice *Hanna v. Plumer*, 380 U.S. 460, 467-468, 14 L. Ed. 2d 8, 85 S. Ct. 1136.

---

[7] All while foreclosure plaintiffs can make motions and thus force foreclosure defendants to incur legal and filing costs they would not otherwise incur in State Court.

Here, New York State procedural law conflicts with Federal procedure in that New York State Law requires plaintiffs in a foreclosure action to submit due diligence affidavits attesting to the truthfulness and accuracy of the mortgage documents[8] and to file a specialized Request for Judicial Intervention requesting a Mandatory Settlement Conference within 60 days of the filing of the proof of service[9], with the Mandatory Settlement Conference holding all motions in abeyance until a settlement is reached or failed[10], while the Plaintiff is required to negotiate and attempt to modify the mortgage or settle in good faith at the settlement conference and provide the mortgage and note in order to establish standing[11]. The conflict here is that Federal Rules provide for settlement conferences in Federal Courts, but the rules governing the conferences and the scope of the conferences are not as broad as the New York State rules governing the settlement conferences, and therefore, since there is no Federal Rule which covers the point in dispute, *Erie* and the cases following it command the enforcement of state law. However, once a foreclosure case is commenced in Federal Court, the inequitable administration of law begins because defendants are not afforded the same level of protection as they would be in New York State Court as explained above[12], and the consequence is an inequitable administration of laws and irreversible prejudice to the Defendants, who would have already been forced to engage in motion practice and incur the expenses associated therewith, and there would be a receiver inequitably appointed who would be managing and maintaining Defendants' Property and

---

[8] Administrative Orders #548-10 and 431-11

[9] CPLR § 3408 and 22 NYCRR 202.12-A

[10] *Id.*

[11] *Id.*

[12] A plaintiff in Federal Court can move for a receiver without ever needing to comply with CPLR § 3408 which would hold that motion, and thus the appointment of a receiver, in abeyance pending the determination of a settlement conference.

collecting rents all in violation of New York State Law due to the New York procedural rules explained above.

In footnote number 9, the U.S. Supreme Court in *Hanna* states,

"*Erie* and its progeny make clear that when a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is indeed relevant, but only in the context of asking whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court."

Here, it is clear that a failure to enforce New York State procedural law from the very inception of the case will make a significant difference to the character and/or result of the litigation that will unfairly discriminate against Defendants; the Federal Law pertaining to settlement conferences is extremely narrow as compared to the New York State laws, while there are no comparable Federal Laws on point that pertain to holding motions in abeyance to protect foreclosure defendants from incurring legal fees associated with motion practice or from the appointment of a receiver while a settlement is attempted to be reached. Failure to apply New York State laws from the onset of the litigation will result in an inequitable administration of laws and it also promotes forum shopping amongst plaintiffs in foreclosure actions that can assert diversity jurisdiction; thus, holding this action in Federal Court as opposed to New York State Court would violate the very spirit of the *Erie Doctrine* as articulated by its progeny.

Simply applying New York State procedural law would not remedy the inequitable administration of law or reverse the prejudice to Defendants because, as explained before, the inequities will have already occurred by the time this Court could apply *Erie, Hanna, Byrd* and the like; *Erie* and its progeny support the notion that in order to truly prevent the inequitable

13

administration of laws and forum shopping, this case must be dismissed and heard in New York State Court.

In addition to requesting the relief described in this Memorandum above, Defendants urge this Court in its authority to make equitable decisions to rule in favor of equity and equality under the law by dismissing this Action and requiring Plaintiff to commence an action in New York State Court. Defendants understand that the United States Supreme Court cases which comprise the ever evolving *Erie Doctrine* do not explicitly hold that a case must be dismissed in such an instance, but the holdings certainly support Defendants' position, and Defendants are concerned that without a dismissal of the Action, there is not a sufficient way for a Federal Court to apply equal protection under the laws or an equitable administration of laws, nor is there a ruling to prevent the incentive for lenders in foreclosure suits to continue to forum shop in this Court for the reasons explained above.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss due to improper service of the summons and complaint, lack of personal jurisdiction on both Defendants, Plaintiff's lack of standing, and because hearing this Action in Federal Court will create an inequitable administration of laws; thus, Defendants respectfully request that this Court dismiss with prejudice Plaintiff's Amended Complaint and the Action in its entirety.

Dated: New York, NY
       September 14, 2012

                                              Respectfully submitted,

                                              _____s/_____
                                              Aaron Migdol, Esq.
                                              223 West 138th Street

Ground Floor
New York, NY 10030
aaronmigdol@migdolnyc.com
Phone: (212) 283-4423
Fax: (212) 283-4424

*Attorney for Defendants 201 W 134 ST LLC and Gerald Migdol*