UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

CAPITAL ONE, NATIONAL ASSOCIATION,

                                  Plaintiff,

            -against-

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY MIGDOL, and "JOHN AND/OR JANE DOE #1" to "JOHN AND/OR JANE DOE # 5" inclusive, the last five named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 201 West 134th Street a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York New York, a four-story, single-dwelling building, as more fully described in the complaint,

                                Defendants.

Civil Action No.: 12-cv-5025 (JMF)

ECF Case

-----------------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

SCHIFF HARDIN, LLP
666 Fifth Avenue, 17th Fl.
New York, New York 10103
(212) 745-0839 Direct
(212) 753-5044 Facsimile

*Attorneys for Plaintiff Capital One,*
*National Association*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...................................................................................................................................1

I.    DEFENDANT MIGDOL WAS PROPERLY SERVED WITH THE
SUMMONS AND COMPLAINT ................................................................................1

II.   DEFENDANTS 201 W 134 ST LLC AND GERALD MIGDOL WERE
BOTH PROPERLY SERVED WITH THE AMENDED COMPLAINT ..................3

III.  CAPITAL ONE HAS STANDING TO PURSUE THIS ACTION ..........................5

IV.  THIS ACTION IS PROPERLY IN FEDERAL COURT BASED ON
DIVERSITY JURISDICTION ....................................................................................6

CONCLUSION.................................................................................................................................9

## TABLE OF AUTHORITIES

*Cases*                                                                                                     Page

*Barclay's Bank of N.Y. v. Smitty's Ranch,*
    504 N.Y.S.2d 295, 296 (App. Div. 1986)..................................................................5

*Erie R. R. Co. v. Tompkins,*
    304 U.S. 64 (1938).......................................................................................................7

*Ladino v. Bank of Am.,*
    861 N.Y.S.2d 683, 685 (App. Div. 2008)..................................................................5

*Overseas Private Inv. Corp. v. Furman,*
    2012 WL 967458 (S.D.N.Y. Mar. 14, 2012) .........................................................1-2

*Urbont v. Sony Music Entm't,*
    2012 WL 1592519 (S.D.N.Y. May 4, 2012) ............................................................1

*Wachovia Bank, N.A. v. Schmidt,*
    546 U.S. 303, 307 (2006) ............................................................................................6

*Statutes and Rules*

28 U.S.C. § 1332(a)(1)............................................................................................................6

28 U.S.C. § 1348......................................................................................................................6

Administrative Order 431-11 ................................................................................................8

Fed. R. Civ. P. 4(e)(1)............................................................................................................2

Fed. R. Civ. P. 5(b)(1)............................................................................................................4

Fed. R. Civ. P. 12(b)(5)..........................................................................................................1

N.Y. Banking Law § 602 .......................................................................................................5

N.Y. C.P.L.R. 308(2) ..............................................................................................................2

N.Y.C.P.L.R. § 3408 ...............................................................................................................8

22 N.Y.C.R.R. 202.12-a..........................................................................................................8

N.Y.R.P.A.P.L. § 1304(5)(a)(i) .............................................................................................7

S.D.N.Y. Electronic Case Filing Rules and Instructions § 9.1 .......................................................4

S.D.N.Y. Local Civil Rule 5.2 ........................................................................................................4

Plaintiff Capital One, National Association ("Capital One" or "Plaintiff") respectfully submits this brief in opposition to the motion (the "Motion") of defendants 201 W 134 ST LLC (the "LLC") and Gerald Migdol ("Migdol") (together, the "Defendants") to dismiss Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

Capital One seeks the foreclosure of the mortgage on a commercial property securing consolidated notes in the aggregate principal amount of $1,500,000.00 and the entry of a deficiency judgment against Defendants. More particularly, the Amended Complaint alleges that the LLC has defaulted under the notes and mortgage held by Capital One. The mortgage encumbers a commercial property and is not, as Defendants claim, a residential home loan. Therefore, as discussed below, none of the state procedural protections for residential foreclosures cited by Defendants have any relevance here. Defendants' Motion proffers a series of meritless arguments to delay this litigation. Capital One is entitled to this foreclosure because the LLC has stopped making mortgage payments and Migdol has not honored the terms of his guaranty.

Defendants' Motion should be denied.

## ARGUMENT

**I.   DEFENDANT MIGDOL WAS PROPERLY SERVED WITH THE SUMMONS AND COMPLAINT.**

In response to a motion to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a plaintiff may "establish a prima facie case of proper service through specific factual allegations and any supporting materials." *Urbont v. Sony Music Entm't*, 2012 WL 1592519, at *2 (S.D.N.Y. May 4, 2012) (internal citations omitted). "The Court treats an affidavit of service as 'prima facie evidence of effective service.'" *Overseas*

*Private Inv. Corp. v. Furman*, 2012 WL 967458, at *4 (S.D.N.Y. Mar. 14, 2012) (quoting *Polygram Merck, Inc. v. N.Y. Wholesale Co.*, 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000)). Though Defendants seek to "cast doubt" on the statements contained in the Affidavits of Service (Def. Br. at 4), "'a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return.'" *Furman*, 2012 WL 967458, at *4 (quoting *Sassower v. City of White Plains*, 1993 WL 378862, at *7 (S.D.N.Y Sept. 24, 1993)).

Defendants argue that Migdol has not been served with the summons and Complaint. As demonstrated by the Affidavits of Service sworn to and signed by Nicholas Kelly, an employee of Lex-Serv, LLC, a private process service, Migdol was indeed properly served pursuant to section 308(2) of the New York Civil Practice Law and Rules ("CPLR") as well as the Federal Rules of Civil Procedure, by virtue of Fed. R. Civ. P. 4(e)(1), which provides that service of process may be effected on an individual by following the applicable state laws. (*See* Amended Affidavit of Service of Nicholas Kelly dated August 24, 2012 ("Kelly Affidavit") attached to the Declaration of Thomas P. Battistoni ("Battistoni Decl.") as Exhibit A). CPLR § 308(2) permits personal service on an individual "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by [] mailing the summons to the person to be served at his or her actual place of business . . . ." Per the Kelly Affidavit, Migdol was served on July 13, 2012 by delivering and leaving the summons and Complaint with a "suitable age person" at 223 West 138th Street, Ground Floor, New York, NY 10030, an address that Defendants admit is Migdol's actual place of business. (Def. Br. at 5). In order to further comply with CPLR § 308(2), the summons and Complaint were also mailed to Migdol's actual place of business. (Battistoni Decl. Ex. A). Copies were also sent to Migdol at the mortgaged premises, (Battistoni Decl. Ex. B, p.2), and at Migdol's last known residential

2

address in Ardsley, New York, (*Id.*, p. 3), the address he had previously provided for service of process in his Guaranty (Compl., Ex. B).

Nevertheless, Defendants claim that Migdol "found a copy of the summons and complaint in front of his office on the sidewalk." (Def. Br. at 4). Defendants also take issue with the fact that Capital One filed the Kelly Affidavit amending a previously-filed Affidavit of Service. The second Kelly Affidavit was filed in response to Defendants' claims, in their initial motion to dismiss the Complaint. It confirmed that Mr. Kelly did indeed leave the copy of the summons and Complaint with the suitable age person, rather than simply inform that person that he intended to leave such papers with him. The other "red herring" issue, whether the desk in the office was described as a receptionist's desk or some other type of desk, does not affect valid service on Migdol. As to the veracity of Migdol's sworn affidavit that there is no person fitting the description of "John Doe" in Defendants' office, it is notable that the Amended Complaint was again served on an individual of similar description (Age: 40, Sex: M, Race/Skin Color: Black, Height: 5'10", Weight: 170, Hair: Dark Brown, Glasses: N[o]) by a different process server employed by a different private process service nearly two months later. (Battistoni Decl. Ex. C, describing person on whom process was served as "Male, Dark brown skin, 5'11", 230-240 lbs, Black hair, Brown eyes, 45-50 years [old]").

## II. DEFENDANTS 201 W 134 ST LLC AND GERALD MIGDOL WERE BOTH PROPERLY SERVED WITH THE AMENDED COMPLAINT.

Though Defendants concede that the LLC was properly served with the summons and Complaint by service on the New York Secretary of State, (Def. Br. at 6), they argue that neither the LLC nor Migdol have been properly served with the Amended Complaint. In support, Defendants now assert that Migdol found two copies of the Amended Complaint "outside the external entrance door" to his office. (*Id.*). This assertion is irrelevant because the Amended

3

Complaint has been properly served on Aaron Migdol as the attorney representing Defendants in this case. Since the LLC concedes it was served with the original Complaint, receipt by its attorney of the Amended Complaint is proper service. Since Gerald Migdol was served with the Amended Complaint at his place of business, by delivery to Aaron Migdol as a person of suitable age and discretion, he too has been properly served. (Battistoni Decl., Ex. C). Aaron Migdol does not deny that he was personally served by the process server at the place of business that he shares with Gerald Migdol.[1]

Fed. R. Civ. P. 5(b)(1) provides that, "[i]f a party is represented by an attorney, service [of pleadings and other papers] must be made on the attorney unless the court orders service on the party." Local Civil Rule 5.2 of the Local Civil Rules of the Southern and Eastern Districts of New York provides that a "paper served and filed by electronic means in accordance with [the instructions regarding Electronic Case Filing] is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules." Finally, Section 9.1 of the SDNY Electronic Case Filing Rules and Instructions provides that, "[i]n a case assigned to the ECF system, transmission of the Clerk's Notice of Electronic Filing (NEF) of a document shall constitute service of such document upon any Filing User in that case."

By Affirmation in Support of Defendants' Motion to Dismiss dated August 2, 2012, Aaron Migdol, Esq. affirmed that he represents Defendants in this case. (Dkt. No. 8). He is also listed as the "Lead Attorney" and "Attorney to be Noticed" on the case docket. Therefore,

---

[1] Defendants' brief highlights the fact that attorney Aaron Migdol's office is located at the same address as Gerald Migdol's actual place of business. Aaron Migdol concedes by omission, in the Memorandum of Law in Support of Defendants' Motion to Dismiss, and in his supporting Affirmation, to the sworn statements made in the Affidavit of Service (attached to the Battistoni Declaration as Exhibit C) that he was personally served with the summons and Amended Complaint as a person of suitable age and discretion at Defendant Migdol's actual place of business.

service of the Amended Complaint upon Defendants was complete upon the transmission of the Clerk's NEF.

Nevertheless, anticipating that Defendants' might argue that such service was improper, Capital One also engaged a private process service company to effectuate personal service on Aaron Migdol, as attorney for Defendants in this case. (Battistoni Decl. Exs. C, D).

### III.  CAPITAL ONE HAS STANDING TO PURSUE THIS ACTION.

Defendants assert that Capital One lacks standing to pursue the foreclosure and enforcement of the guaranty simply because there were no assignments attached to the Amended Complaint. They also argue that the Amended Complaint should include a verification or affidavit from Capital One that it was the holder of the notes at the time this action was commenced. However, New York Banking Law § 602 provides, in pertinent part:

> At the time when a merger becomes effective: (1) the receiving corporation shall be considered the same business and corporate entity as each corporation merged into it; (2) all of the property, rights, [and] powers of any corporation that shall be so merged shall vest in the receiving corporation . . . as fully and to the same extent as if such property, rights, [and] powers . . . had been originally acquired . . . by the receiving corporation; (3) any reference to a merged corporation in any contract [] or document, whether executed or taking effect before or after the merger, shall be considered a reference to the receiving corporation . . . .

Further, in the case of a bank merger, as was the case here, it is well-settled that "no formal assignment is required to effect a transfer of assets of a merged corporation to the receiving corporation." *Barclay's Bank of N.Y. v. Smitty's Ranch*, 504 N.Y.S.2d 295, 296 (App. Div. 1986) (citing *McElwain Co. v. Primavera*, 167 N.Y.S. 815 (App. Div. 1917); *Bank of Long Island v. Young*, 91 N.Y.S. 849 (App. Div. 1905)); *see also Ladino v. Bank of Am.*, 861 N.Y.S.2d 683, 685 (App. Div. 2008). Capital One has identified itself as the successor by merger to North Fork Bank, the original holder of some of the notes at issue. Further, as Defendants themselves have

5

indicated, Capital One Financial Corporation's Form 10-K, filed with the Securities and Exchange Commission on February 29, 2008, demonstrates that North Fork Bank merged with and into Capital One Bank in 2006 and 2007. Therefore, Capital One is the holder of the notes and the proper plaintiff in this action.

## IV.  THIS ACTION IS PROPERLY IN FEDERAL COURT BASED ON DIVERSITY JURISDICTION.

Defendants argue that allowing this case to proceed in federal court is prejudicial to them such that it already has and will continue to result in an inequitable administration of laws in violation of the *Erie* doctrine. As a preliminary matter, this action is properly in this Court because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For purposes of actions involving national banking associations, such associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located," rather than a citizen of every state in which it has a branch office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). The Court explained that the alternative interpretation of a national bank's location would exclude the national bank from the same access to federal courts as is conferred on a state bank. *Id.* Here, the parties are diverse because Capital One is a national banking association located in Virginia, as designated as its main office in its articles of association, and Defendants are located in New York and Delaware.

Notably, since the filing of the Amended Complaint, Defendants have withdrawn their subject matter jurisdiction argument, presumably because they recognized that this Court does indeed have subject matter jurisdiction over this action.

Further, the *Erie* doctrine does not support dismissing this action so that it may be recommenced in state court. In fact, under *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938), this Court will apply New York substantive laws. Not only have Defendants expressly recognized this fact, and the fact that this Court will also apply all New York procedural laws that affect substantive rights (Def. Br. at 10), but Defendants are also unable to support their argument that they have been deprived of any state procedural "protections."

First, Defendants argue that federal court is prejudicial to them because Capital One would be entitled to the appointment of a receiver. However, Capital One could obtain a receiver in state court as well. But the point is moot because Capital One is not asking for a receiver.

Second, Defendants argue that the federal court setting would allow Capital One to engage in expensive motion practice. This argument is awash in irony given that it is only Defendants that have engaged in motion practice. There is no dispute that the LLC has defaulted on the notes and Capital One is entitled to foreclose on the property and enforce the guaranty against Migdol and Defendants are using motion practice to delay judgment for Capital One.

Next, Defendants argue that, had this action been commenced in state court, the parties would be required to attend a mandatory settlement conference and to negotiate in good faith towards modifying the loan or otherwise settling the action. In fact, Defendants falsely refer to the mortgage as a "home loan." (Def. Br. at 1, 9). That is untrue. The underlying mortgage is not a "home loan" as defined by New York Real Property Actions and Proceedings Law § 1304(5)(a), which states: "'Home loan' means a loan . . . in which [t]he borrower is a natural person." RPAPL § 1304(5)(a)(i). The LLC is the borrower under the loan documents, and Migdol is simply the guarantor of the loan. The premises has a commercial unit and a residential

7

unit above it, neither of which are occupied by Defendants. (Dkt. Nos. 24, 25). Therefore, the various state procedural rules that Defendants cite would are inapplicable here, whether this action proceeds in New York state or federal court. *See, e.g.*, CPLR § 3408 (applying only to "any residential foreclosure action[s] involving a home loan as such term is defined in section thirteen hundred four of the real property actions and proceedings law, *in which the defendant is a resident* of the property subject to foreclosure") (emphasis added); 22 N.Y.C.R.R. 202.12-a (stating that the section "shall be applicable to residential mortgage foreclosure actions involving a home loan"); Administrative Order 431-11 (superseding Administrative Order 548-10) (directing plaintiffs' counsel to file a certain form "in residential mortgage foreclosure actions") (all rules cited by Defendants at 10 n.4). The references to mandatory conferences for residential foreclosures are not applicable to this commercial unit and attached apartment where neither is occupied by either Defendant.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Capital One, National Association respectfully requests that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be denied in its entirety.

Dated:  New York, New York
        September 28, 2012

>    Respectfully submitted,
>
>    **SCHIFF HARDIN LLP**
>
>    By: _/s/ Thomas P. Battistoni_
>        Thomas P. Battistoni (TB 8012)
>        666 Fifth Avenue, 17th Floor
>        New York, NY  10103
>        (212) 753-5000
>
>    *Attorneys for Plaintiff Capital One,
>    National Association*

NY\51222339.3