UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

CAPITAL ONE, NATIONAL ASSOCIATION,

                                             Plaintiff,

             -against-

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY
MIGDOL,  and "JOHN AND/OR JANE DOE #1" to
"JOHN AND/OR JANE DOE #5" inclusive, the last five
named persons being unknown to plaintiff, the persons and
parties intended being the tenants, occupants, persons,
entities, or corporations, if any, having or claiming upon
the premises at 201 West 134th Street a/k/a 2280 Adam
Clayton Powell Jr. Boulevard, New York New York, a
four-story, single dwelling building, as more fully
described in the complaint,

                                      Defendants.

------------------------------------------------------------------------

            12 Civ. 5025 (JMF)
            ECF Case

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Aaron Migdol, Esq.
223 West 138th Street, Ground Floor
New York, New York 10030
aaronmigdol@migdolnyc.com
(212) 283-4423 (phone)
(212) 283-4424 (fax)
Attorney for Defendants
201 W 134 ST LLC and Gerald Migdol

**TABLE OF CONTENTS**

**<u>Section</u>**                                                                                                  **<u>Page</u>**

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMINARY STATEMENT.........................................................................................1

ARGUMENTS....................................................................................................................1

I.      DEFENDANT MIGDOL WAS NOT PROPERLY SERVED WITH THE SUMMONS
        AND COMPLAINT......................................................................................................1

II.     DEFENDANTS 201 W 134 ST LLC AND GERALD MIGDOL WERE NOT
        PROPERLY SERVED WITH THE AMENDED COMPLAINT.......................................3

III.    CAPITAL ONE LACKS STANDING........................................................................5

IV.     HEARING THIS CASE IN FEDERAL COURT WOULD RESULT IN AN
        INEQUITABLE ADMINISTRATION OF LAWS..............................................................6

CONCLUSION....................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Accredited Home Lenders, Inc. v. Hughes,*
     22 Misc 3d 326, 866 N.Y.S.2d 860 [up Ct Essex Co 2008].................................................7

*One W. Bank, FSB v. Greenhut,*
     36 Misc. 3d 1205A (N.Y. Sup. Ct. 2012).........................................................................7

*Overseas Private Inv. Corpo v. Furman,*
     2012 WL 967458, at *4 (S.D.N.Y. Mar. 14, 2012)...........................................................2

*Sassower v. City of White Plains,*
     1993 WL 378862, at *7 (S.D.N.Y. Spt. 24, 1993)......................................................2, n.2


**Statutes and Rules**                                                                                        **Page**

Federal
Fed. R. Civ. P. 4.........................................................................................................................5

Fed. R. Civ. P. 5.........................................................................................................................5

Fed. R. Civ. P. 12(b)..................................................................................................................5

Fed. R. Civ. P. 12(b)(2)..............................................................................................................5

Fed. R. Civ. P. 12(b)(5)..............................................................................................................5

New York State
22 N.Y.C.R.R. 202.12-A........................................................................................................n.7

C.P.L.R. § 308...............................................................................................................2, 5, n.3

C.P.L.R. § 3408.....................................................................................................................7, 9

N.Y. Banking Law § 602............................................................................................................5

R.P.A.P.L. § 1304..........................................................................................................1, 6, 7, n.5

O.C.A Administrative Order 548-10......................................................................................n.6

O.C.A. Administrative Order 431-11...................................................................................8, n.6

## PRELIMINARY STATEMENT

Defendants 201 W 134 ST LLC and Gerald Migdol respectfully submit this brief in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint[1] and the Action[2].

Plaintiff has not served either of the Defendants properly, and therefore this court lacks personal jurisdiction over both Defendants; thus the Amended Complaint and the Action must be dismissed. Furthermore, Plaintiff alleges to be the holder of three notes, of which they provide no admissible evidence of holding in their pleadings or in their opposition papers, and therefore Plaintiff lacks standing; despite Plaintiff's unsupported claims to the contrary, the loan from North Fork Bank is a home loan of Gerald Migdol, which falls squarely within the definition of RPAPL § 1304 as a home loan, and thus, Defendant Gerald Migdol is entitled to the state procedural protections for residential foreclosure defendants cited by Defendants in their motion papers previously filed, which is further supported by citation to case law and statutes herein. For the foregoing reasons, which are explained in more detail below, Defendants motion should be granted.

## ARGUMENT

**I.    DEFENDANT MIGDOL WAS NOT PROPERLY SERVED WITH THE SUMMONS AND COMPLAINT**

---

[1] Captioned Terms shall have the same meaning of the terms defined in Defendants' Affirmation in Support of Defendants' Motion to Dismiss dated September 14, 2012.

[2] In their opposition memorandum, Plaintiff writes, "Notably, since the filing of the Amended Complaint, Defendants have withdrawn their subject matter jurisdiction argument, presumably because they recognize that this Court does indeed have subject matter jurisdiction over this action." Plaintiff's original complaint named the New York State Department of Taxation and Finance ("NYSDTF") and Defendants argued in their Motion to Dismiss that naming NYSDTF was fatal to subject matter jurisdiction, citing binding case law on this issue, and this was the only ground upon which Defendants challenged subject matter jurisdiction. Plaintiff subsequently amended the complaint and removed NYSDTF as a defendant, and this is why Defendants have not raised a subject matter jurisdiction argument in response to the Amended Complaint despite Plaintiff's flawed deduction.

Plaintiff, in their opposition papers, support their argument that Defendant Migdol was properly served with the summons and complaint by citing the quotation, "a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return" which is a citation from *Overseas Private Inv. Corpo v. Furman*, 2012 WL 967458, at *4 (S.D.N.Y. Mar. 14, 2012) quoting *Sassower v. City of White Plains*, 1993 WL 378862, at *7 (S.D.N.Y. Spt. 24, 1993), but the Court is *Sassower* also held that, "Objections to service must be specific and point out in what manner the utilized service of process rules were not satisfied; once done, the burden of proof as to the effectiveness of service shifts to plaintiff," and with facts similar to this case[3], the Court in *Sassower* directed a hearing to address the issue of whether service of process upon the defendants was proper because the affidavits of the defendants directly refuted the affidavits of the process server.

Here, the facts are nearly identical with the facts in *Sassower* because the Plaintiff claims that service was proper based on a process server's affidavit of service and Defendants have provided specific objections to service while pointing out what manner the utilized service of process rules were not satisfied (both in Gerald Migdol's Affidavit dated 9/14/12 and in the attached Affidavit of Gerald Migdol dated 10/4/12 {collectively, the "Migdol Affidavits"}); therefore, at the very least, there should be a hearing on the issue of whether service was proper, but given the severity of the false statements in the affidavits of service (described below), the Amended Complaint and this Action should be dismissed.

As is described in more detail in the Migdol Affidavits, Gerald Migdol was not served with the summons and complaint in accordance with CPLR § 308(2) as Plaintiff alleges. A

_____

[3] In *Sassower*, plaintiff claimed that defendants were served properly, one of them by CPLR 308(1) and two of them by CPLR 308(2); all of the defendants refuted the plaintiff's and process server's claims of service.

person of suitable age and discretion was not served at Migdol's office; rather, the summons and complaint were left outside of Migdol's office on the sidewalk. The Affidavit of Service describes a "John Doe" that does not match the description of anyone in Migdol's office and it describes a receptionist desk that does not exist; these glaring errors raise serious doubts about the affiant's veracity and support Migdol's contention that service was improper.

The affidavit of service of the original complaint claimed that a black male weighing 170 pounds was served at Migdol's office; Migdol responded to this by stating that there is no person fitting that description that works in his office. Plaintiff somehow reasons that Migdol's veracity is questionable because the Amended Complaint was served on what Plaintiff claims is "an individual of similar description" **who was a male with dark brown skin weighing 230-240 pounds named Aaron Migdol (emphasis mine)**; I have two responses to this absurd claim:

1) **I, Aaron Migdol, am a caucasian male that weighs 160 pounds (emphasis mine)**, and I was not served; and

2) a 230 pound man and a 170 pound man are not similar in description despite what Plaintiff may believe, and therefore, Gerald Migdol's veracity is not at issue as Plaintiff absurdly deduces and alleges; rather, it is Plaintiff's veracity and the veracity of their affiants which are extremely questionable and should be scrutinized by this Court.

## II.   DEFENDANTS 201 W 134 ST LLC AND GERALD MIGDOL WERE NOT PROPERLY SERVED WITH THE AMENDED COMPLAINT

Plaintiff claims that service of the Amended Complaint on the LLC was proper because Aaron Migdol, the LLC's attorney, was served. Plaintiff claims that Gerald Migdol was properly served because Aaron Migdol was served with the Amended Complaint. As is explained above, Plaintiff's affidavit of service on the LLC and on Gerald Migdol each allege to serve Aaron

Migdol, who is described as: "Male, Dark brown skin, 5'11" 230-240 lbs, Black hair, Brown

eyes, 45-50 years [old]," but I, Aaron Migdol, am a male with white skin, I am 6'00" 165 lbs,

brown hair, green eyes, and 30 years old. Let me state very clearly that I was not served

personally or by mail with the Amended Complaint[4]. Plaintiff's affidavits of service on the LLC

and on Gerald Migdol are patently false; I was not served, and the description of me in the

affidavits of service don't even come close to describing me; the Migdol Affidavits swear that no

one of this description fits anyone who works Gerald Migdol's office office and that description

does not fit the description of anyone who works in my office, so it is clear that the affidavits of

service are false, and therefore neither Defendant was properly served with the Amended

Complaint.

Copies of the Amended Complaint were left outside of Gerald Migdol and my office, but

this is not what the affidavits of service state, this is not what Plaintiff's claim and this is not

proper service of the Amended Complaint upon both Defendants. Plaintiff claims that

electronically filing the Amended Complaint is, in and of itself, sufficient to establish personal

jurisdiction on both Defendants because Defendants are represented by an attorney and the

attorney receives the documents via e-filing, therefore, the Defendants have been properly

served; if this reasoning were true, then any Plaintiff could obtain personal jurisdiction over any

Defendant by providing defective service to bait a pre-answer motion to dismiss and then follow

up the motion with an e-filed amended complaint that would go to the attorney who filed the pre-

answer motion to dismiss; this would render irrelevant most of the body of law pertaining to

---

[4] Plaintiff states in their Memorandum in Opposition in footnote 1 that I somehow conceded that I was personally served, but this is factually false and the logic used to deduct this conclusion is flawed; that I share an office with Gerald Migdol coupled with the fact that a process server left copies of process outside our offices and then lied about serving me (as can be seen by the false description of me in the affidavit of service) does not establish the conclusion that I was served personally or that I in any way "concede by omission" that I was personally served.

4

FRCP Rules 4, 12(b)(2), 12(b)(5) and CPLR § 308. Plaintiff has not sufficiently established personal jurisdiction over the Defendants because service of the Amended Complaint was not effected properly in accordance with the CPLR or the FRCP.

*Assuming en arguendo* that Plaintiff's argument that e-filing the Amended Complaint is sufficient service on an attorney in accordance with Rule 5 of the FRCP, **this would still not be proper service upon Gerald Migdol nor would it establish personal jurisdiction on Gerald Migdol because he was never served properly with the original summons or any other summons, and Plaintiff never e-filed a summons, so there has never been service of a summons upon Gerald Migdol from either the complaint or the Amended Complaint (emphasis mine)**; merely e-filing an amended complaint to an attorney and leaving a copy of a summons and amended complaint outside of his office door (and the defendant's office door) does not establish personal jurisdiction over a defendant.

## III.   CAPITAL ONE LACKS STANDING

Plaintiff in their opposition memorandum misstates Defendants argument by claiming that, "Defendants assert that Capital One lacks standing to pursue the foreclosure and enforcement of the guaranty **simply because there were no assignments attached to the Amended Complaint (emphasis mine);**" however, Defendants do not argue this point, and instead assert that Plaintiff has failed to prove, and now continues to fail to prove, with admissible evidence that Plaintiff was the holder of the mortgage and note at the time that the foreclosure action was commenced, which is a threshold issue for standing in an action, as argued in more detail in Defendants' Motion to Dismiss Memorandum of Law. To this point, Plaintiff cites New York Banking Law § 602 to establish that when North Fork Bank merged into

Plaintiff, that the Alleged Notes became the property of Plaintiff, and Plaintiff concludes that,

"therefore, Capital One is the holder of the notes," however, this is a logical fallacy; just because

Plaintiff merged with North Fork Bank at one particular point in time does not prove that

Plaintiff was the holder of the Alleged Notes at the time the Action was commenced, which is a

threshold issue to establish standing. Plaintiff continues to fail to establish with admissible

evidence that Plaintiff was the holder of the Alleged Notes at the commencement of the Action

(all they had to do was submit an affidavit from Plaintiff to refute Defendants' claim, but they did

not); failure to establish that Plaintiff was the holder of the Alleged Notes at the time the

commencement of the Action requires a dismissal of the Amended Complaint and the Action.

## IV. HEARING THIS CASE IN FEDERAL COURT WOULD RESULT IN AN INEQUITABLE ADMINISTRATION OF LAWS

Plaintiff argues that the loan is not a "home loan" as defined by RPAPL § 1304(5)(a)(i)

merely because Migdol is a guarantor of the loan and not a borrower as they see it. Gerald

Migdol signed as the borrower as a single member LLC and as the guarantor on his loan with

North Fork Bank under North Fork bank's direction because the Property was owned by an LLC

in order to limit Gerald Migdol's liability; on this loan, Gerald Migdol was, for all intents and

purposes, the sole borrower because he was personally liable for the loan just as if he had

borrowed money from North Fork Bank personally in his capacity as a natural person. As

explained in the Migdol Affidavits, Gerald Migdol's loan and his intentions surrounding the loan

fit squarely into the spirit and meaning of RPAPL § 1304.[5]

_____

[5] RPAPL § 1304 does not preclude properties with home loans from the meaning of the statute merely because they have a commercial tenant as Plaintiff seems to suggest; similarly, FHA loans allow commercial spaces in what they refer to as "residential loans" or "home loans" and nothing in the statutes or case law preclude the application of the term "home loan" under RPAPL § 1304 merely because a townhouse like the Property has a commercial store, which is common throughout New York City.

In addition to having a home loan within the meaning of RPAPL § 1304, Gerald Migdol

has also moved back into the Property as his primary residence since the previous tenant just

recently moved out (Please see Gerald Migdol's Affidavit dated 10/4/12). Even if Gerald Migdol

had not moved back into his home, New York case law provides that Gerald Migdol is still

entitled to a Mandatory Settlement Conference under CPLR § 3408. In *One W. Bank, FSB v.*

*Greenhut*, 36 Misc. 3d 1205A (N.Y. Sup. Ct. 2012), the plaintiff-lender asserted that the

defendant did not reside in the mortgaged premises and that therefore the defendant was not

entitled to a Mandatory Settlement Conference because CPLR § 3408 did not apply; however,

the Court in *One W. Bank, FSB v. Greenhut* held:

> While plaintiff adduced substantial evidence concerning defendant's residency,
> including defendant's federal tax filings and a change of mailing address, the
> statute's plain language compels this Court to conclude that defendant has not lost
> residence at the subject premises for purposes of this action. In a foreclosure
> action arising under RPAPL section 1304, residency is determined at "the time the
> loan was entered into" (*Accredited Home Lenders, Inc. v Hughes*, 22 Misc 3d 326, 866
> N.Y.S.2d 860 [Sup Ct Essex Co 2008]) proceeding or any particular application therein.
> Thus, under the statute's plain language, any "home loan" for a premises ever "used or
> occupied, or intended to be used or occupied wholly or partly, as the borrower's principal
> dwelling," and thereafter either used or intended to be used as such qualifies for a
> mandatory settlement conference under CPLR 3408 (RPAPL § 1304[5][a][iii]; *see*
> *Cannistra*, 26 Misc 3d at 604).

Here, as described in the Migdol Affidavits, Gerald Migdol obtained the loan for

purposes that fall within the meaning of RPAPL §1304, his intentions and actions fall within

RPAPL § 1304, and the loan is a home loan within the meaning of RPAPL § 1304[6] given his

intent and the spirit of the statute; the Property was Gerald Migdol's principal dwelling and it is

--------------------

[6] And thus Administrative Orders 548-10 and 431-11 apply here, as explained in more detail in Defendants'
Memorandum of Law in Support of Defendants' Motion to Dismiss.

presently his principal dwelling[7], and thus, due to the foregoing, Gerald Migdol is entitled to a

Mandatory Settlement Conference and all of the other protections described in Defendants'

Motion to Dismiss.

Plaintiff claims that, "Defendants are also unable to support their argument that they have

been deprived of any state procedural 'protections,'" but that is not true as is explained in

Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, particularly

with respect to the requirement under Administrative Order 431-11 that Plaintiff's Counsel

submit due diligence affidavits 60 days after the proof of service is filed to verify the truth and

accuracy of the mortgage and note, which Plaintiff has not done (and which also would have

established standing, which Plaintiff has not yet done). At this point in the litigation, in New

York State Court, there would be an order directing a Mandatory Settlement Conference[8], but

this has not yet been done, so Plaintiff is incorrect in their assertion that Defendants have not

been deprived of state procedural protections.

The *Erie* doctrine establishes that Federal Courts must prevent the inequitable

administration of laws, yet Defendants are experiencing an inequitable administration of laws

right now as no settlement conference has been held, as Plaintiff has still not proven that they are

the holder of the note or provided a copy of a note with any verification, and as motion practice

---

[7] Moreover, since Gerald Migdol is a resident of the Property, 22 NYCRR 202-12-A also applies, as is described in more detail in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

[8] The timing issues regarding holding motions in abeyance and the scheduling of settlement conferences in state court is described in more detail in Defendant's Memorandum of Law in Support of Defendants' Motion to Dismiss; in state court, an RJI must be filed 60 days after the proof of service is filed, which schedules a mandatory settlement conference and holds all motions in abeyance. In state court, the first proof of service filed on 7/23/12 would have triggered the requirement to file an RJI by 9/23/12 scheduling a conference and holding all motions in abeyance.

continues[9] because of the lack of those protections. Plaintiff claims that they could obtain a receiver in state court[10], but this is not true given CPLR § 3408, which would apply and hold all motions in abeyance if New York State Court protections were being applied. As such, Defendants are now being prejudiced for having to file this very reply to Plaintiff's opposition papers, which have disregarded New York State procedural requirements, statutes and Administrative Orders. Plaintiff does not refute the point that Defendants raise, which is that the protections in place in state court, which arise at the very inception of the litigation, do not exist to the same extend in Federal Court and therefore prejudice Defendants in this action.

Plaintiff claims that, "there is no dispute that the LLC has defaulted on the notes and Capital One is entitled to foreclose on the property and enforce the guaranty against Migdol and Defendants are using motion practice to delay judgment for Capital One." First, Gerald Migdol in his affidavit dated September 14, 2012 stated that he objects to the alleged mortgage and notes and the amounts that are alleged to be due. Second, there is a dispute as to whether Capital One is entitled to foreclose on the Property and enforce the guaranty because Defendants have raised meritorious arguments questioning both Defendants' personal jurisdiction and Plaintiff's standing. Third, Defendants are not using motion practice to delay judgment for the very reasons raised in this paragraph and memorandum, which establish that Defendants have meritorious claims supporting the dismissal of the Amended Complaint and this Action.

---

[9] Plaintiff claims that Defendant's argument that motion practice will be prejudicial is somehow "ironic" because Defendants have engaged in motion practice, but Plaintiff has missed the point that ongoing motion practice without state procedural protections will be costly and prejudicial to Defendants as compared to the administration of laws in state court; furthermore, Defendants had to make the motion to dismiss to protect their rights and raise these issues, otherwise, they would be even more prejudiced.

[10] Plaintiff also claims that this point is moot because Plaintiff is not asking for a receiver; however, Plaintiff will likely move for the appointment of a Receiver soon, and this will further prejudice Defendants as explained in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

## **CONCLUSION**

For all of the foregoing reasons, Defendants Gerald Migdol and 201 W 134 ST LLC

respectfully request that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and the

Action be granted in its entirety.

Dated:  New York, New York
         October 4, 2012

                                         Respectfully submitted,


                                         _____s/_____
                                         Aaron Migdol, Esq.
                                         223 West 138th Street
                                         Ground Floor
                                         New York, NY 10030
                                         aaronmigdol@migdolnyc.com
                                         Phone: (212) 283-4423
                                         Fax: (212) 283-4424

                                         *Attorney for Defendants 201 W 134 ST LLC and
                                         Gerald Migdol*