UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
CAPITAL ONE, NATIONAL ASSOCIATION,

                                  Plaintiff,

    -against-

201 W 134 ST LLC, GERALD MIGDOL a/k/a JERRY MIGDOL, and "JOHN AND/OR JANE DOE #1" to "JOHN AND/OR JANE DOE #5" inclusive, the last five named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 201 West 134th Street a/k/a 2280 Adam Clayton Powell Jr. Boulevard, New York New York, a four-story, single dwelling building, as more fully described in the complaint,

                                  Defendants.
------------------------------------------------------------------------

**REPLY AFFIRMATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

12 Civ. 5025 (JMF)
ECF Case

I. Aaron Migdol, Esq., affirm under penalty of perjury that:

1.     I am the attorney representing the Defendants[1] in the Action and I have personal knowledge of facts which bear on this motion because I have discussed the facts and circumstances pertaining to this Action with my clients.

2.     Plaintiff filed an unverified amended complaint on August 24, 2012 (the "Amended Complaint"), and pursuant to Justice Furman's Order dated and filed August 3, 2012, Defendants submitted a motion to dismiss on September 14, 2012 (the "Motion to Dismiss"), to which Plaintiff filed opposition papers dated September 28, 2012, and Defendants submit the attached Reply Memorandum, this Affirmation and an Affidavit of Gerald Migdol dated October

---

[1] Captioned Terms shall have the same meaning of the terms defined in Defendants' Affirmation in Support of Defendants' Motion to Dismiss dated September 14, 2012.

4, 2012 in rely to Plaintiff's opposition papers and in further support of the relief sought in Defendants' Motion to Dismiss the Amended Complaint and the Action.

<u>Defendant Migdol was Not Properly Served with the Summons and Complaint</u>

3. As is described in more detail in Gerald Migdol's affidavits dated 9/14/12 and 10/4/12 (collectively, the "Migdol Affidavits"), Gerald Migdol was not served with the summons and complaint in accordance with CPLR § 308(2) as Plaintiff alleges. A person of suitable age and discretion was not served at Migdol's office; rather, the summons and complaint were left outside of Migdol's office on the sidewalk. The Affidavit of Service describes a "John Doe" that does not match the description of anyone in Migdol's office and it describes a receptionist desk that does not exist; these glaring errors raise serious doubts about the affiant's veracity and support Migdol's contention that service was improper.

4. The affidavit of service of the original complaint claimed that a black male weighing 170 pounds was served at Migdol's office; Migdol responded to this by stating that there is no person fitting that description that works in his office. Plaintiff somehow reasons that Migdol's veracity is questionable because the Amended Complaint was served on what Plaintiff claims is "an individual of similar description" **who was a male with dark brown skin weighing 230-240 pounds named Aaron Migdol (emphasis mine)**; I have two responses to this absurd claim:

a) **I, Aaron Migdol, am a caucasian male that weighs 160 pounds (emphasis mine)**, and I was not served; and

b) a 230 pound man and a 170 pound man are not similar in description despite what Plaintiff may believe, and therefore, Gerald Migdol's veracity is not at issue as Plaintiff

absurdly deduces and alleges; rather, it is Plaintiff's veracity and the veracity of their affiants which are extremely questionable and should be scrutinized by this Court.

<u>Defendants 201 W 134 ST LLC and Gerald Migdol were Not Properly Served with the Amended Complaint</u>

5.  Plaintiff claims that service of the Amended Complaint on the LLC was proper because Aaron Migdol, the LLC's attorney, was served. Plaintiff claims that Gerald Migdol was properly served because Aaron Migdol was served with the Amended Complaint. As is explained above, Plaintiff's affidavit of service on the LLC and on Gerald Migdol each allege to serve Aaron Migdol, who is described as: "Male, Dark brown skin, 5'11" 230-240 lbs, Black hair, Brown eyes, 45-50 years [old]," but I, Aaron Migdol, am a male with white skin, I am 6'00" 165 lbs, brown hair, green eyes, and 30 years old. Let me state very clearly that I was not served personally or by mail with the Amended Complaint[2]. Plaintiff's affidavits of service on the LLC and on Gerald Migdol are patently false; I was not served, and the description of me in the affidavits of service don't even come close to describing me; the Migdol Affidavits swear that no one of this description fits anyone who works Gerald Migdol's office office and that description does not fit the description of anyone who works in my office, so it is clear that the affidavits of service are false, and therefore neither Defendant was properly served with the Amended Complaint.

6.  Copies of the Amended Complaint were left outside of Gerald Migdol and my office, but this is not what the affidavits of service state, this is not what Plaintiff's claim and this

---

[2] Plaintiff states in their Memorandum in Opposition in footnote 1 that I somehow conceded that I was personally served, but this is factually false and the logic used to deduct this conclusion is flawed; that I share an office with Gerald Migdol coupled with the fact that a process server left copies of process outside our offices and then lied about serving me (as can be seen by the false description of me in the affidavit of service) does not establish the conclusion that I was served personally or that I in any way "concede by omission" that I was personally served.

is not proper service of the Amended Complaint upon both Defendants. Plaintiff claims that electronically filing the Amended Complaint is, in and of itself, sufficient to establish personal jurisdiction on both Defendants because Defendants are represented by an attorney and the attorney receives the documents via e-filing, therefore, the Defendants have been properly served; if this reasoning were true, then any Plaintiff could obtain personal jurisdiction over any Defendant by providing defective service to bait a pre-answer motion to dismiss and then follow up the motion with an e-filed amended complaint that would go to the attorney who filed the pre-answer motion to dismiss; this would render irrelevant most of the body of law pertaining to FRCP Rules 4, 12(b)(2), 12(b)(5) and CPLR § 308. Plaintiff has not sufficiently established personal jurisdiction over the Defendants because service of the Amended Complaint was not effected properly in accordance with the CPLR or the FRCP.

7.      *Assuming en arguendo* that Plaintiff's argument that e-filing the Amended Complaint is sufficient service on an attorney in accordance with Rule 5 of the FRCP, **this would still not be proper service upon Gerald Migdol nor would it establish personal jurisdiction on Gerald Migdol because he was never served properly with the original summons or any other summons, and Plaintiff never e-filed a summons, so there has never been service of a summons upon Gerald Migdol from either the complaint or the Amended Complaint (emphasis mine)**; merely e-filing an amended complaint to an attorney and leaving a copy of a summons and amended complaint outside of his office door (and the defendant's office door) does not establish personal jurisdiction over a defendant.

<u>Plaintiff Lacks Standing</u>

8.     Plaintiff in their opposition memorandum misstates Defendants argument by claiming that, "Defendants assert that Capital One lacks standing to pursue the foreclosure and enforcement of the guaranty **simply because there were no assignments attached to the Amended Complaint (emphasis mine);**" however, Defendants do not argue this point, and instead assert that Plaintiff has failed to prove, and now continues to fail to prove, with admissible evidence that Plaintiff was the holder of the mortgage and note at the time that the foreclosure action was commenced, which is a threshold issue for standing in an action, as argued in more detail in Defendants' Motion to Dismiss Memorandum of Law. To this point, Plaintiff cites New York Banking Law § 602 to establish that when North Fork Bank merged into Plaintiff, that the Alleged Notes became the property of Plaintiff, and Plaintiff concludes that, "therefore, Capital One is the holder of the notes," however, this is a logical fallacy; just because Plaintiff merged with North Fork Bank at one particular point in time does not prove that Plaintiff was the holder of the Alleged Notes at the time the Action was commenced, which is a threshold issue to establish standing. Plaintiff continues to fail to establish with admissible evidence that Plaintiff was the holder of the Alleged Notes at the commencement of the Action (all they had to do was submit an affidavit from Plaintiff to refute Defendants' claim, but they did not); failure to establish that Plaintiff was the holder of the Alleged Notes at the time the commencement of the Action requires a dismissal of the Amended Complaint and the Action.

<u>Hearing this Case in Federal Court Instead of State Court Would Be Prejudicial to Defendants and Would Result in an Inequitable Administration of Law</u>

9.     Plaintiff argues that the loan is not a "home loan" as defined by RPAPL § 1304(5)(a)(i) merely because Migdol is a guarantor of the loan and not a borrower as they see it. Gerald

5

Migdol signed as the borrower as a single member LLC and as the guarantor on his loan with North Fork Bank under North Fork bank's direction because the Property was owned by an LLC in order to limit Gerald Migdol's liability; on this loan, Gerald Migdol was, for all intents and purposes, the sole borrower because he was personally liable for the loan just as if he had borrowed money from North Fork Bank personally in his capacity as a natural person. As explained in the Migdol Affidavits, Gerald Migdol's loan and his intentions surrounding the loan fit squarely into the spirit and meaning of RPAPL § 1304.[3]

10. Here, as described in the Migdol Affidavits, Gerald Migdol obtained the loan for purposes that fall within the meaning of RPAPL §1304, his intentions and actions fall within RPAPL § 1304, and the loan is a home loan within the meaning of RPAPL § 1304[4] given his intent and the spirit of the statute; the Property was Gerald Migdol's principal dwelling and it is presently his principal dwelling[5], and thus, due to the foregoing, Gerald Migdol is entitled to a Mandatory Settlement Conference and all of the other protections described in Defendants' Motion to Dismiss.

11. Plaintiff claims that, "Defendants are also unable to support their argument that they have been deprived of any state procedural 'protections,'" but that is not true as is explained in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, particularly with respect to the requirement under Administrative Order 431-11 that Plaintiff's Counsel

---

[3] RPAPL § 1304 does not preclude properties with home loans from the meaning of the statute merely because they have a commercial tenant as Plaintiff seems to suggest; similarly, FHA loans allow commercial spaces in what they refer to as "residential loans" or "home loans" and nothing in the statutes or case law preclude the application of the term "home loan" under RPAPL § 1304 merely because a townhouse like the Property has a commercial store, which is common throughout New York City.

[4] And thus Administrative Orders 548-10 and 431-11 apply here, as explained in more detail in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

[5] Moreover, since Gerald Migdol is a resident of the Property, 22 NYCRR 202-12-A also applies, as is described in more detail in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

submit due diligence affidavits 60 days after the proof of service is filed to verify the truth and accuracy of the mortgage and note, which Plaintiff has not done (and which also would have established standing, which Plaintiff has not yet done). At this point in the litigation, in New York State Court, there would be an order directing a Mandatory Settlement Conference[6], but this has not yet been done, so Plaintiff is incorrect in their assertion that Defendants have not been deprived of state procedural protections.

12. The *Erie* doctrine establishes that Federal Courts must prevent the inequitable administration of laws, yet Defendants are experiencing an inequitable administration of laws right now as no settlement conference has been held, as Plaintiff has still not proven that they are the holder of the note or provided a copy of a note with any verification, and as motion practice continues[7] because of the lack of those protections. Plaintiff claims that they could obtain a receiver in state court[8], but this is not true given CPLR § 3408, which would apply and hold all motions in abeyance if New York State Court protections were being applied. As such, Defendants are now being prejudiced for having to file this very reply to Plaintiff's opposition papers, which have disregarded New York State procedural requirements, statutes and Administrative Orders. Plaintiff does not refute the point that Defendants raise, which is that the

---

[6] The timing issues regarding holding motions in abeyance and the scheduling of settlement conferences in state court is described in more detail in Defendant's Memorandum of Law in Support of Defendants' Motion to Dismiss; in state court, an RJI must be filed 60 days after the proof of service is filed, which schedules a mandatory settlement conference and holds all motions in abeyance. In state court, the first proof of service filed on 7/23/12 would have triggered the requirement to file an RJI by 9/23/12 scheduling a conference and holding all motions in abeyance.

[7] Plaintiff claims that Defendant's argument that motion practice will be prejudicial is somehow "ironic" because Defendants have engaged in motion practice, but Plaintiff has missed the point that ongoing motion practice without state procedural protections will be costly and prejudicial to Defendants as compared to the administration of laws in state court; furthermore, Defendants had to make the motion to dismiss to protect their rights and raise these issues, otherwise, they would be even more prejudiced.

[8] Plaintiff also claims that this point is moot because Plaintiff is not asking for a receiver; however, Plaintiff will likely move for the appointment of a Receiver soon, and this will further prejudice Defendants as explained in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

protections in place in state court, which arise at the very inception of the litigation, do not exist to the same extend in Federal Court and therefore prejudice Defendants in this action.

13. Plaintiff claims that, "there is no dispute that the LLC has defaulted on the notes and Capital One is entitled to foreclose on the property and enforce the guaranty against Migdol and Defendants are using motion practice to delay judgment for Capital One." First, Gerald Migdol in his affidavit dated September 14, 2012 stated that he objects to the alleged mortgage and notes and the amounts that are alleged to be due. Second, there is a dispute as to whether Capital One is entitled to foreclose on the Property and enforce the guaranty because Defendants have raised meritorious arguments questioning both Defendants' personal jurisdiction and Plaintiff's standing. Third, Defendants are not using motion practice to delay judgment for the very reasons raised in this paragraph and memorandum, which establish that Defendants have meritorious claims supporting the dismissal of the Amended Complaint and this Action.

14. For all of the foregoing reasons, Defendants Gerald Migdol and 201 W 134 ST LLC respectfully request that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and the Action be granted in its entirety.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
October 4, 2012

Respectfully submitted,

_____s/_____
Aaron Migdol, Esq.
223 West 138th Street

Ground Floor
New York, NY 10030
aaronmigdol@migdolnyc.com
Phone: (212) 283-4423
Fax: (212) 283-4424

*Attorney for Defendants 201 W 134 ST LLC and Gerald Migdol*